8916

ELLIOTT v. PAGE *ET AL.*

(82 S. E. 620.)

SPECIFIC PERFORMANCE. ELECTION OF REMEDIES. APPEAL AND ERROR.

1. The burden is upon the appellant to show that findings of fact sought to be reviewed were against the preponderance of the evidence.
2. The Court on appeal will not consider propositions of law not urged, or ruled upon, in the trial Court.
3. A plaintiff having elected to ask for the specific performance of a contract, cannot after being denied that relief on the hearing of the cause on its merits, demand that the action be treated as one for damages for breach of contract, and that he be allowed to renew the contest in order to assert therein a right to such damages.

Before SPAIN, J., Conway, October, 1913.   Affirmed.

Action by H. D. Elliott against Charley Page, Julius Blanton, John P. Cooper, O. V. Page, Loula Page, Julia Buffkin, Claudia Anderson, Jennie Page, William R. Page, and Inez Page.

From a decree for defendants, plaintiff appeals. The facts are stated in the opinion.

*Mr. H. H. Woodward,* for appellant, cites: 32 S. C. 203; 53 S. C. 563.

*Mr. W. F. Stackhouse,* for respondents, *distinguishes* 32 S. C. 203.

August 13, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for specific performance of a contract.

His Honor, the Circuit Judge, dismissed the complaint, on the ground that the plaintiff had failed to perform the obligations imposed upon him by the contract.

The plaintiff appealed upon two exceptions, the first of which assigns error in the finding, that the plaintiff had not carried out his part of the contract.

The appellant has failed to satisfy this Court that said finding of fact was against the preponderance of the evidence. This exception is therefore overruled.

The second exception is as follows:

"That under the authority of the case of *McCarter* v. *Armstrong,* reported in 32 S. C. 203, 10 S. E. 953, 8 L. R. A. 625, as the contract was one requiring special personal service, to wit, a drainage contract, and, therefore, one which the Court could not enforce by a decree of specific performance, he should have held, that although the relief of specific performance should be refused, that the plaintiff's proper remedy was one at law for damages; for breach of contract on the part of the defendants, and instead of dismissing the complaint, as he did, he should have retained the cause in the Court, and should have sub-

mitted the same to the jury upon the question of damages for breach of said contract."

There are two reasons why this exception cannot be sustained. In the first place, his Honor, the Circuit Judge, was not requested to rule upon the question, and as he made no ruling upon it, it is not properly before this Court for consideration. And, in the second place, the plaintiff was not entitled to both remedies, and, where he resorted to the remedy of specific performance, without objection on the part of the defendants, and the case was heard upon the merits, it would be an injustice to the respondents, to allow him to renew the contest, by seeking relief under the other remedy.

Judgment affirmed.