**Max LUJAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 8089.**

United States Court of Appeals
Tenth Circuit.

June 28, 1965.

Certiorari Denied Oct. 18, 1965.

See 86 S.Ct. 179.

Franklin J. Smith, Cheyenne, Wyo., for appellant.

John Quinn, U. S. Atty., Albuquerque, N. M. (John A. Babington, Asst. U. S. Atty., Albuquerque, N. M., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant was tried in the United States District Court for the District of New Mexico for receiving and selling heroin in violation of 21 U.S.C.A. § 174, and for unlawfully selling heroin in violation of 26 U.S.C.A. § 4705(a). The jury found him guilty on both counts, the court entered a judgment of conviction, and this appeal was taken.

Appellant here urges that the trial court was in error in not granting his motion for acquittal for the reason that there was no evidence introduced by the Government to show that the heroin in question was unlawfully imported into the United States. He argues also that the trial court's instructions on this point were likewise erroneous. Appellant also asserts that his conviction was based upon the testimony of a paid informer, and that such testimony was not

entitled to be given the weight it was by the trial court on the motion for acquittal.

The record shows that arrangements were made for the paid informer, who by his testimony was a former user of narcotics, to make a purchase of narcotics from appellant. It was decided that the informer would use his own automobile and would pick up the appellant at a street corner that he was known to frequent and to thereafter make the purchase. The police officers searched the car of the informer, searched the informer and his clothing, and provided him with $20.00 to make the purchase. The informer then started out in his car with the three police officers following in another car. The record shows that the police were always in sight of the informer's car, saw him pick up the appellant whom they knew by sight, and followed the informer and the appellant for fifteen or twenty minutes as they drove around the streets of Albuquerque. The police officers were not more than half a block behind the informer's car at any time. They saw the informer stop in front of a house, saw the appellant leave the car, enter the house, and return shortly thereafter to the informer's car The police officers did not see the actual purchase of the heroin by the informer which he testified then took place. During the time the informer's car was under surveillance, no other person than the appellant left or entered the car. The informer did not leave the car during this period. He testified that the appellant left the car at a certain house, went inside, and returned shortly and gave him the heroin in return for $15.00. At the conclusion of the contact between the informer and the appellant, the informer delivered two "caps" of heroin to the police officers and returned $5.00 of the money given to him by the officers.

There is no question here as to the identification of the "caps" which were introduced at the trial, and there is no question concerning the analysis of the contents thereof.

The statute under which the first count was brought (21 U.S.C.A. § 174) provides that where it is shown that the person charged had possession of the narcotic, such possession shall be deemed sufficient evidence to authorize conviction unless defendant explains the possession to the satisfaction of the jury. The appellant on this appeal ignores the statutory language and the presumptions arising therefrom. We have held on several occasions that possession once established is sufficient to activate the statutory presumptions. The presumptions so arising were held valid in Maestas v. United States, 341 F.2d 493 (10th Cir.); Lucero v. United States, 311 F.2d 457, cert. den. 372 U.S. 936, 83 S.Ct. 883, 9 L.Ed.2d 767, and in earlier cases. The record, as indicated above, contains substantial evidence of possession of the heroin by the appellant. The trial court was thus correct in applying the statutory rule and in denying the motion for acquittal. The evidence and testimony, together with the statutory presumption, also furnished an adequate basis for the court's charge to the jury on the same issue.

The appellant urges that the testimony given by the informer was not entitled to be given weight by the trial court in passing on the motions for acquittal. There is no prohibition against the use of informers, and their use is of ancient origin. See Todd v. United States, 345 F.2d 299, Tenth Circuit, filed May 3, 1965. This court recently has considered the testimony of informers generally. See Martinez v. United States, 300 F.2d 9 (10th Cir.); Sandoval v. United States, 285 F.2d 605 (10th Cir.); Jordan v. United States, 345 F.2d 302, Tenth Circuit, filed May 3, 1965, and Todd v. United States, supra. These cases contain a variety of factual circumstances, but there is no question that the use of informers' testimony is permitted. Obviously however the credibility of such testimony in a case such as the one at bar is a matter to be determined by the jury under proper instructions. The jury here received such prop-

er instructions and made its determination of the credibility of the witnesses.

The method of compensating the informer does not appear in the record clearly, but it appears he received $15.00 per person informed on. No contingent fee arrangement is shown.

■ The testimony of the informer in the case at bar must be considered to be corroborated, perhaps not in the usual sense in which the term is used, but for the evaluation of the instructions given. This, as to the issue here discussed, was adequate corroboration of the informer's testimony, and no specific instructions were required relating directly to the testimony of informers. Jordan v. United States, supra; Todd v. United States, supra.

We find no improper references by the United States Attorney to the use of informers in the closing arguments, and as indicated above find no error in the proceedings.

Affirmed.