## 19112

The STATE, Respondent, v. Roy C. WILLARD, Appellant

(177 S. E. (2d) 129)

*Jack H. Lynn, Esq.,* of Greenville, *for Appellant,*

*C. Victor Pyle, Esq., County Solicitor,* of Greenville, *for Respondent,*

October 22, 1970.

Moss, Chief Justice.

Roy C. Willard, the appellant herein, was indicted, tried, convicted and sentenced in the Greenville County Court for

violation of Section 16-552.1 of the Code. This statute makes it unlawful for any person, anonymously or otherwise, "To use in a telephonic communication any words or language of a profane, vulgar, lewd, lascivious, or an indecent nature * * *, or to communicate or convey by telephone an obscene, vulgar, indecedent, profane, suggestive or immoral message to another person."

It appears from the testimony that the prosecutrix received several telephone messages from an anonymous person and when asked what such messages were, she testified, "I don't know how to put it, * * * he just plain wanted to go to bed with me." After receiving the several telephone calls, the prosecutrix communicated with and advised the Greenville City Police Department of such calls and the contents thereof. She was advised that should she receive another such call, to arrange a meeting with the caller. After receiving another call, the prosecutrix, with a detective of the police department hidden in the back seat of her car, went to the prearranged place, and when the appellant approached her car and attempted to enter such, and seeing the detective in the back seat, fled from said car and was arrested by other officers who had her car under surveillance.

After the appellant was arrested on May 18, 1967, he was taken to the Greenville City Police Department. The prosecutrix listened in on a telephone conversation between the appellant and the arresting officers. At the trial of this case, without any objection on the part of the appellant, the prosecutrix testified that the voice of the appellant was the voice that she had heard when called at her home. She further testified that she had heard this same voice fifteen or twenty times each night during the week prior to the arrest of the appellant.

The appellant now contends that his conviction should be set aside because:

"1. The Court erred in allowing the prosecuting witness to testify as to a conversation she was allowed to over-hear

between the arresting officer and the appellant that took place at the City Jail immediately after the appellant had been taken into custody and before he had been advised of his rights. There is no showing on the part of the State that the appellant was advised, or in fact, had counsel present during the conversation, it being submitted that the appellant's constitutional rights against self-incrimination was violated.

"2. The Court erred in allowing the prosecuting witness to testify as to the conversation she overheard immediately after the appellant had been taken into custody between the arresting officer and the appellant as the appellant was not advised that the prosecuting witness was on the line and the appellant was overreached and prejudical and irreparable harm was done to the appellant in allowing the eavesdropping testimony into evidence."

The appellant was represented at his trial and on this appeal by employed counsel of his own choosing. It is revealed by the record that his appellate counsel was other than his trial counsel.

The record shows that the alleged prejudicial testimony, of which the appellant now complains, was given without any objection thereto or any question being raised in connection therewith in the lower court. What we said in *McCreight v. MacDougall,* 248 S. C. 222, 149 S. E. (2d) 621, is dispositive of the exceptions presented and we quote therefrom the following:

"Assuming but not deciding that the evidence in question was illegally obtained, such evidence was introduced without objection, and any objection that defendant might have had was thereby waived, (*State v. Robinson,* 238 S. C. 140, 119 S. E. (2d) 671; *State v. Alexander,* 230 S. C. 195, 95 S. E. (2d) 160; *State v. Maxey,* 218 S. C. 106, 62 S. E. (2d) 100; *State v. Warren,* 207 S. C. 126, 35 S. E. (2d) 38, *State v. Wardlaw,* 153 S. C. 175, 150 S. E. 614); * * *."

In *State v. Lawhorn,* S. C., 175 S. E. (2d) 233, we held that if objections are not interposed to the introduction of

evidence, such questions or objections cannot be raised for the first time on appeal. In *State v. Rutland,* 243 S. C. 176, 133 S. E. (2d) 126, we held that an issue which has not been presented to or passed upon by the trial judge will not be considered on appeal.

The two exceptions above set out are found to be without merit and are overruled.

The record shows two other exceptions on the part of the appellant. The questions raised by these exceptions were not argued in the brief of the appellant and we, therefore, consider such abandoned. *State v. Collins,* 235 S. C. 65, 110 S. E. (2d) 270; *State v. Worthy,* 239 S. C. 449, 123 S. E. (2d) 835.

The exceptions of the appellant are overruled and the judgment below, is

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.