19301

William T. McCALL, Appellant, v. The STATE of South Carolina, Respondent

(184 S. E. (2d) 341)

BRAILSFORD, J., was disqualified.

94

*John Beasley, Esq.*, of Greenwood, *for Petitioner-Appellant*, cites:

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair and John R. Wilson, Asst. Attys. Gen.*, of Columbia, *for Respondent,* cite:

October 22, 1971.

Moss, Chief Justice:

William T. McCall, the appellant herein, was indicted at the 1962 February Term of the Court of General Sessions for Abbeville County for the murder of his wife. The offense occurred on June 16, 1961.

The case came on for trial before the Honorable James M. Brailsford, presiding judge, and a jury, at the aforesaid term of court. The appellant was found guilty of murder with a recommendation to mercy and was sentenced to life imprisonment.

The appellant, on July 14, 1970, filed an application for post-conviction relief. A hearing thereon was held before the Honorable Francis B. Nicholson, resident judge, on September 4, 1970, at the conclusion of which the court orally denied the requested relief and, thereafter, on November 17, 1970 the previous oral order was reduced to writing and served on the appellant. This appeal followed.

It appears that at the 1961 September Term of the Court of General Sessions, the court appointed counsel to represent the appellant. At the request of such counsel, a continuance of the case was granted until the 1962 February Term of Court. The counsel appointed appeared and defended the

appellant at his trial. There was no appeal from such conviction and the sentence that followed. The appellant is here represented by appointed counsel other than his trial counsel.

The appellant alleges that his conviction and the life sentence that followed should be vacated and set-aside and that he should be granted a new trial on the grounds that (1) he had been denied a preliminary hearing; (2) he had been denied a change of venue; (3) his appointed counsel failed to subpoena witnesses in his behalf; and (4) admitting as evidence his incriminating statement.

It is the first contention of the appellant that his constitutional rights were violated because no preliminary hearing was held. It is conceded that no proper request therefor had been made. Section 43-232 of the 1962 Code requires a preliminary hearing if it is requested in writing ten days prior to the court term. This statutory procedure was not followed at a time when the appellant had counsel and the right was therefore waived. In this connection, attention is directed to the testimony of appellant's trial counsel. One of his counsel testified that he had no recollection of the appellant's making known to him that he wanted a preliminary hearing. He also testified that he conducted an independent investigation of his own and he did not see how a preliminary hearing would help. The trial judge concluded that the appellant had failed to show any prejudice to him resulting from the failure to have a preliminary hearing. We concur in this finding. *State v. Taylor,* 255 S. C. 268, 178 S. E. (2d) 244.

The appellant contends that the venue for his trial should have been transferred to another county due to the fact that there was publicity concerning the crime with which he was charged. There is evidence that the body of the appellant's wife was found near a creek and she had been shot 21 or 22 times. He asserts that the nature of the crime was such that the court should have, on its motion, changed the venue

of his trial. The appellant contends that he asked his attorneys about a change of venue but such was denied by them.

There was no motion made by the appellant for a change of venue and the trial judge had no opportunity to pass upon this question. In *State v. Rutland,* 243 S. C. 176, 133 S. E. (2d) 126, we held that an issue which has not been presented to or passed upon by the trial judge will not be considered on appeal. Apart from this, we find no showing in the record that would have warranted the granting of a motion, if made, to change venue. There is nothing in the record to indicate that the failure of counsel to move for a change of venue denied the defendant a fair and impartial trial. It follows that this question must be answered contrary to the contention of the appellant.

The appellant next contends that the failure of his attorneys to secure the attendance of certain witnesses and to put them on the stand entitled him to a new trial.

The appellant testified that he requested his counsel to subpoena certain witnesses in his behalf. One of the attorneys for the appellant testified that he interviewed the witnesses named by the appellant and determined that their appearance would be helpful only to the prosecution and harmful to the appellant. The appellant admitted that one of the witnesses named by him appeared in behalf of the State. We are convinced from the record that counsel for the appellant exercised sound judgment in not placing upon the stand witnesses who would be harmful to the appellant. It follows that the failure to subpoena or place such witnesses upon the stand resulted in no prejudice to the appellant. However, in this connection we point out that the court has held that the failure to produce and put on the stand material witnesses is merely an error of judgment which does not constitute lack of effective representation of counsel. *Tompa v. Com. of Virginia ex rel. Cunningham,* 4 Cir., 331 F. (2d) 552; *Hoffler v. Peyton,* 207 Va. 302, 149 S. E. (2d) 893.

We quote the following apt language from *State v. Lewis,* 255 S. C. 466, 179 S. E. (2d) 616.

"An accused is entitled to the effective assistance of counsel. *McCrary v. State,* 249 S. C. 14, 152 S. E. (2d) 235. The quality of the service rendered by counsel meets all requirements of due process when counsel is a member in good standing of the Bar, gives his client his complete loyalty, serves him in good faith to the best of his ability, and, his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice. He is not required to be infallible nor to do the impossible, since the defendant is entitled to a fair trial and not a perfect one or a perfect result. *Tillman v. State,* 244 S. C. 259, 136 S. E. (2d) 300. Allegations by a convicted accused of inadequate representation by his counsel, after trial, are easily made but will not ordinarily suffice unless counsel's representation was such as to make the trial a farce and mockery of justice. *Crosby v. State,* 241 S. C. 40, 126 S. E. (2d) 843. It has been held that errors of judgment and tactical errors on the part of an attorney do not constitute a denial of effective assistance. *Odom v. United States,* 5 Cir., 377 F. (2d) 853."

There is nothing in the record before us that supports the contention of the appellant that he was incompetently represented by counsel in his trial.

The appellant urges error on the part of the trial judge in permitting the sheriff of Abbeville County to recite his oral confession of guilt at the time of his arrest. It appears from the record that counsel for the appellant was aware of the statement that had been made to the sheriff, investigated it and was satisfied that it had not been obtained in violation of any of his client's constitutional rights. At the trial no objection was raised to the introduction of this statement into evidence. We held in *State v. Willard,* 255 S. C. 68, 177 S. E. (2d) 129, that where alleged prejudicial testimony was given without any

objection thereto or any question being raised in connection therewith in the lower court, the defendant could not, on appeal, complain as to the admission of such testimony.

The appellant also contends that he was intoxicated at the time of his arrest and has no recollection of making any oral confession or admission. The record shows that the trial judge submitted to the jury the question of whether the appellant made any oral confession or incriminating statement at the time of his arrest and whether such had been made voluntarily.

We have carefully considered the entire record in this case and it is apparent to us that the conviction of the appellant was in a manner consistent with his constitutional rights. It follows that there was no error on the part of Judge Nicholson in refusing the application of the appellant for postconviction relief.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.

BRAILSFORD, J., disqualified.