19812

The STATE, Respondent, v. Levi GEE, Appellant
(204 S. E. (2d) 727)

374

*Richard G. Dusenbury, Esq.,* of Florence, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Robert M. Ari-
ail, Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, and
*T. Kenneth Summerford, Sol.,* of Florence, *for Respond-
ent,*

April 24, 1974.

Moss, Chief Justice.

Levi Gee, the appellant herein, was tried and convicted at the 1973 March Term of the Court of General Sessions for Florence County, of having in his possession and the selling of a quantity of heroin, a second offense, in violation of Section 32-1510.49 of the 1962 Code, as amended. At the time of the trial the appellant was serving a two year sentence, having been convicted of the possession of heroin at a previous trial at the 1973 January Term of the Court of General Sessions for Florence County. This appeal followed.

It appears from the testimony of one Adolphus Harris, an agent for the South Carolina Law Enforcement Division assigned to the Bureau of Narcotics and Dangerous Drugs, that at about 2:00 a. m. on May 5, 1972, he, being at the time accompanied by an informer, bought three $6.00 bags of heroin from the appellant in the city of Florence, South Carolina. It also appears from the testimony that the informer was one Barbara Whitely and that she corroborated the testimony of Harris as to the purchase of the heroin from the appellant.

The appellant contends that it was prejudicial error for the State's chief witness, Harris, to conceal from him his identity and the name he was registered under at the Francis Marion Hotel in Florence, South Carolina, on May 5, 1972.

It appears from the record that Harris, the principal prosecution witness, gave his correct name when he testi-

fied in this trial, together with his place of residence. However, it does appear that agent Harris was in the city of Florence for more than three months conducting an intensive undercover anti-drug campaign, during which he used several different names. He testified that he did not remember how many nights he spent at the Francis Marion Hotel nor the name under which he registered on May 5, 1972. The appellant never, at any time, made any motion or requested the trial judge to require the State to give him the name under which Adolphus Harris was registered at the Francis Marion Hotel on May 5, 1972. Consequently, no ruling was made.

It is well settled that an issue which has not been presented to or passed upon by the trial judge will not be considered on appeal. *State v. Fleming,* 254 S. C. 415, 175 S. E. (2d) 624. It follows that this question is not properly before us for decision.

The appellant contends that "reversible error was committed when the State knowingly sponsored the witness Barbara Whitely who gave perjured testimony as to discontinued prosecutions against her going to her credibility, motive, duress, and bias, and in failing to affirmatively disavow or effectively repudiate said testimony."

The question sought to be raised by the foregoing exception was not presented to or passed upon by the trial judge, and we will not consider such on appeal. Only matter that has been ruled on below can be reviewed, otherwise, the appellate court would be exercising original jurisdiction rather than being a reviewing court. Since the trial judge was not requested to rule upon the foregoing question, and made no ruling thereabout, it is not properly before this Court for consideration. *Elliott v. Page,* 98 S. C. 400, 82 S. E. 620, and *McCall v. State,* 257 S. C. 93, 184 S. E. (2d) 341.

The appellant charges the trial judge with error in failing to promptly grant his motion, made immediately prior

to the trial, to produce the confidential informer who worked with SLED agent Harris.

The general rule is that the State, in a criminal case, is ordinarily privileged to withhold from an accused the identity of the persons who furnished law enforcement officers with information relative to violations of the law; but such rule is not absolute and is subject to limitations and exceptions. The burden was upon the accused to show facts and circumstances giving rise to an exception to the privilege against disclosure, and there must be timely request therefor. An exception to the general rule is that the identity of an informer must be disclosed whenever the informer's testimony may be relevant and helpful to the accused's defense. *State v. Batson,* 261 S. C. 128, 198 S. E. (2d) 517. The appellant made no such showing before the trial judge, who properly denied this request. However, it appears that during the course of the trial the State voluntarily called the informer, Barbara Whitely, as a witness, and she corroborated the testimony of Harris as to his purchase of heroin from the appellant.

Barbara Whitely was fully cross examined by counsel for the appellant, and she admitted that she had been arrested for forgery and the giving of worthless checks. She further admitted that she was living with a man without the benefit of clergy and that she and her paramour were at one time drug users. It thus appears that if there was error on the part of the trial judge in his refusal of the motion to produce the confidential informer, such was harmless because she was produced and her previous conduct and activities were fully explored and developed.

When the informer, Barbara Whitely, was called as a witness, the appellant moved for a continuance or a temporary recess of the trial so that he could make preparation for effective cross examination. The motion for a continuance was denied, but the trial judge did grant a temporary recess. The appellant alleges error in this connection.

We have held that the granting or the refusal of an adjournment or suspension of a trial of a criminal case rests in the sound discretion of a trial judge. *State v. Evans,* 202 S. C. 463, 25 S. E. (2d) 492. There was no abuse of discretion here.

The appellant charges the trial judge with error in refusing to permit him to cross examine the witness Harris on prior inconsistent statements and on matters of partiality, bias, interest, and veracity.

It appears that the appellant here had been previously tried and convicted of the possession of heroin. Counsel for the appellant claims that at the prior trial he elicited from the witness Harris that (1) he had made 600 drug cases without loss, (2) he conceived himself as being "an angel of God" in prosecuting drug cases, and (3) the only cure for a drug addict was 15 years in prison. Counsel for the appellant attempted, in the instant case, to cross examine Harris as to these alleged former statements, to which the State objected. The trial judge sustained the objection of the State. The appellant then moved to incorporate the entire transcript of the previous trial as evidence in this case. In refusing this motion the trial judge ruled that the appellant had the right to contradict the witness provided he laid the proper foundation therefor.

Immediately following the foregoing ruling of the trial judge, counsel for the appellant propounded three questions to the witness Harris, as follows: (1) "And did you not make the statement no less than two months ago that you have in effect brought over six hundred cases without losing a one?" (2) "Now do you not consider yourself as an angel of God in this prosecution?" (3) "Can any drug addict be cured?" The trial judge sustained the objection of the State to these questions, and he committed no error in so doing, because the answers to these questions would have no bearing upon any issue in this case.

What we said in *State v. Bass*, 242 S. C. 193, 130 S. E. (2d) 481, is here pertinent.

"It is well settled that the extent of cross examination of a witness is within the trial judge's discretion and a wide latitude is allowed to test the witness' memory, bias, prejudice, interest or credibility. In *State v. Maxey*, 218 S. C. 106, 62 S. E. (2d) 100, the rule is stated as follows: '* * * The general range and extent of cross examination is within the discretion of the trial judge, subject to the limitation that it must relate to matters pertinent to the issue, or 'to specific act which tend to discredit the witness or impeach his moral character. The discretion of the trial court in allowing cross examination is not subject to review except in cases of manifest abuse or injustice. * * *' "

The appellant directs our attention to what he terms the inconsistencies of the testimony of Harris in the instant case and what he said in the trial of the prior case. We have considered the position taken by the appellant with reference to the question so raised and find no merit therein.

The next question for consideration is whether the trial judge committed error in denying the request of the appellant to recall and cross examine the witness Harris pursuant to an agreement between counsel.

Prior to trial the appellant made a motion to require the State to identify and produce the confidential informer who had worked with SLED agent Harris. This motion was refused by the court, but the State, during the course of the trial elected to and did voluntarily call the informer, Barbara Whitely, as a witness. In contemplation of the testimony of Barbara Whitely, it was agreed by the solicitor and counsel for the appellant that:

"In our cross examination of *this particular witness,* we would like to reserve—we would move to be granted the right to recall all State's witnesses and be given an opportunity *in the light of new developments* to examine them as hostile witnesses in cross examining." (Emphasis added.)

The recall of State's witnesses was limited to new developments resulting from the testimony given by Barbara Whitely, the confidential informer. Counsel for the appellant in attempting to recall Harris stated:

"Your Honor, in light of the witness that *we* called, we would like to recall Mr. Harris to the stand for a specific question." (Emphasis added.)

Counsel for the appellant attempted to recall Harris in the light of the appellant's testimony and not in the light of any new development by reason of the testimony of Barbara Whitely. The attempt to recall Harris as a witness was not within the scope of the agreement and was properly denied.

At a pretrial hearing the appellant moved to suppress the evidence or quash the indictment on the ground that the State failed to bring him before a magistrate to be committed after he was arrested. Reliance for this motion is based upon Section 43-211 of the 1962 Code of Laws, which provides:

"Magistrates shall cause to be arrested all persons found within their counties charged with any offense and persons who after committing any offense within the county escape out of it, examine into treasons, felonies, grand larcenies, high crimes and misdemeanors, commit or bind over for trial those who appear to be guilty of crimes or offenses not within their jurisdiction and punish those guilty of such offenses within their jurisdiction."

It appears that the appellant, upon a warrant duly issued by a magistrate, was arrested at 5:00 a. m. on August 9, 1972, and had access to counsel within twelve hours. Thereafter, the magistrate set bond for the appellant, and upon the posting of the required bond, he was released from custody. This was within ten days to two weeks after his arrest. The record shows a preliminary hearing was held and attended by an attorney representing the appellant. The magistrate found probable cause and bound the appellant

over for trial in the General Sessions Court for Florence County.

In *Thomas v. Colonial Stores, Inc.,* 236 S. C. 95, 113 S. E. (2d) 337, we held that if there has been a lawful arrest made in good faith, subsequent unreasonable delay in taking the person before a magistrate will not effect the legality of the arrest.

Here, the appellant was lawfully arrested under a warrant duly issued by a magistrate. The failure to take the appellant before a magistrate following his arrest to be committed does not warrant a reversal of the appellant's conviction unless such failure deprived him of a fair trial. *State v. Swilling,* 249 S. C. 541, 155 S. E. (2d) 607. Our review of the record in this case convinces us that the proceedings before the magistrate neither prejudiced nor deprived the appellant of a fair trial. There was no error on the part of the trial judge in refusing the motion of the appellant to quash the indictment or suppress the evidence.

The appellant next contends that his right to a public trial, guaranteed to him under the Sixth Amendment of the United States Constitution, and Article 1, Section 14, of the 1895 Constitution of this State, was violated by the trial judge excluding the public and the press from a portion of his trial.

The solicitor, immediately prior to producing the confidential informer as a witness, moved that the courtroom be cleared of the public and all spectators upon the ground that this witness's public appearance would place her life in jeopardy. The trial judge granted the motion over the objection of the appellant. The appellant, with commendable candor, admits in his brief that in a proper case, danger to a witness's life or safety may justify an exception to the public trial rule. The general rule is that the trial judge may, in his discretion, exclude spectators from the courtroom if it is necessary to protect and safeguard

the life of the witness. 21 Am. Jur. (2d), Criminal Law, Section 266, at page 303. See also the annotation in 48 A. L. R. (2d) 1436, on the question of the exclusion of the public during a criminal trial. Cited in this annotation is the case of *People v. Pacuicca,* Co. Ct., ˙134 N. Y. S. (2d) 381, in which the spectators were excluded from the courtroom while a police witness, who was engaged in narcotics work and whose identity was not known to the public, was testifying. It was held that the court was justified in so doing in order to shield the identity of the witness from the public, so as to preserve her future usefulness and to safeguard her life.

We find no abuse of discretion on the part of the trial judge in excluding the public and all spectators from the courtroom while the confidential informer was testifying.

The next question for consideration is whether the trial judge erred in failing to dismiss the present prosecution, which is the second one arising out of three alleged purchases from the appellant between May and August, 1972, upon which charges he was not arrested until more than three months thereafter, in that this delayed, multiple-buy prosecution constituted double jeopardy and a violation of his constitutional rights.

The short answer to this contention is that such was not presented to the lower court and is not, therefore, properly before us for consideration.

Finally, the appellant alleges that the trial errors of the lower court, single and cumulatively, denied him a fair trial. Again, this presents no question for our consideration.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.