19826

The STATE, Respondent, v. Bernard RIGGINS, Appellant

(205 S. E. (2d) 376)

*Kenneth E. Merriman, Esq.,* of *Bernard D. Dusenbury,* Florence, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., J. C. Coleman, Dep. Atty. Gen., Dudley Saleeby, Jr., Asst. Atty. Gen.,* and *Treva Ashworth, Staff Attorney,* of Columbia, and *T. Kenneth Summerford, Sol.,* of Florence, *for Respondent.*

May 21, 1974.

LEWIS, Justice:

Defendant has appealed from his conviction in the Court of General Sessions for Florence County of the offense of distributing marijuana in violation of the State Narcotics and Controlled Substances Law, Section 32-1510.49, Supplement to the 1962 Code of Laws. Two questions were argued by defendant in his brief, one of which was abandoned in oral argument, leaving for decision only the question whether the lower court erred in refusing to require the

State to reveal to defendant before trial the name of a confidential informer.

There was testimony at the trial that an undercover police officer purchased marijuana in the presence of an informer. Defendant made a request at a preliminary hearing for the disclosure of the identity of the informer, which was denied by the magistrate. Thereafter, the trial judge refused similar motions or requests at the beginning and during the trial. However, during the course of the trial it became apparent that defendant knew the identity of the informer and the State then voluntarily presented her as a witness in the proof of its case.

No objection was made to the informer testifying and she was fully cross-examined by counsel for defendant. Neither was any recess nor continuance of the trial sought by defendant because of any surprise from the testimony of the witness. The sole contention of the defendant is that the failure of the State to reveal the name of the informer prior to producing her as a witness deprived him of his constitutional rights to due process, to confront the witnesses against him, and to the assistance of counsel. In effect, defendant argues that he was prejudiced in presenting his defense because the State did not sooner reveal to him the name of the informer.

The trial judge properly refused to require the State to disclose the identity of the informer. *State v. Gee,* S. C., 204 S. E. (2d) 727, Smith's Advance Sheet of April 27, 1974.

However, as stated in *Gee,* in dealing with the same informer under similar circumstances: "It thus appears that if there was error on the part of the trial judge in his refusal of the motion to produce the confidential informer, such was harmless because she was produced and her previous conduct and activities were fully explored and developed."

The refusal to disclose the identity of the informer prior to presenting her as a witness resulted in no legal prejudice to the defendant. Three people were present when the purchase of marijuana was made—the officer, the informer, and the defendant. It is clearly inferable from the testimony that the informer and the defendant knew each other at the time. Therefore, defendant knew at all times the identity of the third party who was present and had knowledge of the transaction. The fact that he did not definitely know that the third party was the informer did not make her or any information she might have any less available to him in his preparation for trial.

There is a total absence of any showing in this record that (1) defendant was entitled to the disclosure of the name of the informer; or (2), if he was, that he suffered any legal prejudice from such failure to disclose.

The judgment is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.