21576

The STATE, Respondent, v. John R. BERNOTAS, Appellant.
(283 S. E. (2d) 580)

*Howard B. Hammer* and *Alvin J. Hammer,* of *Hammer & Bernstein,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Brian P. Gibbes* and *Kay G. Crowe* and *Sol. James C. Anders,* Columbia, *for respondent.*

September 29, 1981.

GREGORY, Justice:

John R. Bernotas was convicted for possession with intent to distribute cocaine and sentenced to imprisonment for a term of ten years. We affirm.

Officers were advised by a confidential informant that a white male approximately 5'10" with curly brown hair was at the Crock Meyer Saloon located on River Drive and had a quantity of cocaine in his possession which he was distributing. The informant further stated that the subject was driving a 1975 Ford two-door S. C. License MNN 254. He related he had seen the drugs sold and also in the possession of the person described. The officers knew the informant had given accurate information which led to arrests in the past and his previous information had been reliable.

Appellant was stopped, arrested and searched. Cocaine was found on appellant's person and in a fishing tackle box in the trunk of the vehicle.

Appellant first contends that the arrest and attendant search were without probable cause.

We hold the search in this case falls squarely within the limits established by *Draper v. United States,* 358 U. S. 307,

79 S. Ct. 329, 3 L. Ed. (2d) 327 (1959). There was accurate descriptive information given by a known informer which was sufficiently corroborated by six police officers' own observations to justify arrest and search. The informant had provided reliable information dealing with the illegal sale of drugs in the recent past. The appellant had the same physical attributes and was driving the identical vehicle described by the informant. The officers personally verified every facet of the information given them except the actual possession of the cocaine.

Since all the information concerning Bernotas' apperance was confirmed by direct observation by the police officers it was then reasonable for them to believe that the information as to Bernotas' possession of narcotics would likewise be accurate. We conclude the officers had probable cause for the arrest and intial search.

Bernotas also contends the trial court erred in admitting evidence seized from the fishing tackle box which was in the trunk of the vehicle.

We recognize the search may have been invalid under the recent United States Supreme Court case of *Robbins v. California*, . U. S. .., 101 S. Ct. 2841, 69 L. Ed. (2d) 744 (1981), interpreting *Arkansas v. Sanders*, 442 U. S. 753, 99 S. Ct. 2586, 61 L. Ed. (2d) 235 (1979).

However, for the error to require reversal, the appellant must be sufficiently prejudiced by it. In *Bruton v. United States*, 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. 476 (1968), the Supreme Court pointed out that "(a) defendant is entitled to a fair trial but not a perfect one." Police uncovered two to three grams of cocaine during their lawful search of appellant's person and the interior of his automobile. This is roughly four times the amount necessary to establish a prima facie case of possession with intent to distribute under Section 44-53-370, Code of Laws of South Carolina, 1976 (Cum. Supp. 1981). The cocaine seized from the fishing tackle box was merely cumulative to this independent and overwhelming evidence of guilt. See *State v. Blackburn*, 271 S. C. 324, 247 S E. (2d) 334 (1978);

*Schneble v. Florida,* 405 U. S. 427, 92 S. Ct. 1056, 31. L Ed. (2d) 340 (1972); *Harrington v. California,* 395 U. S. 250, 89 S. Ct. 1726, 23 L. Ed. (2d) 284 (1969); *Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L. Ed. (2d) 705 (1967). Thus, the error was harmless.

Appellant asserts the trial court erred in refusing to require the State to disclose the identity of the confidential informer. We disagree.

Generally, the State is privileged to withhold the names of informers. This privilege is necessary for protecting law enforcement. *State v. Batson,* 261 S. C. 128, 198 S. E. (2d) 517 (1973). While his privilege is not absolute, disclosures should only be made when the informer's identity would be relevant to the accused's defense. *Roviaro v. United States,* 353 U. S. 53, 62, 77 S. Ct. 623, 628, 1 L. Ed. (2d) 639, 646 (1957), holding the particular facts of each case would determine disclosure or non-disclosure with special consideration given to ". . . the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors."

Moreover, it was not shown that the informer was a participant. *State v. Batson, supra; State v. Gee,* 262 S. C. 373, 380, 204 S. E. (2d) 727 (1974); *United States v. Skeens,* 449 F. (2d) 1066, 1071 (D. C. 1971).

All remaining exceptions are without merit and are dismissed under Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.