**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Steven Delano SMITH, Defendant and Appellant.**

**No. 13602.**

Supreme Court of South Dakota.

Argued May 17, 1982.

Decided Oct. 27, 1982.

Douglas E. Kludt, Asst.Atty.Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty.Gen., Pierre, on the brief.

Jeffrey T. Sveen of Siegel, Barnett & Schultz, Aberdeen, for defendant and appellant.

WOLLMAN, Justice.

Steven Smith appeals from a judgment of conviction based on a jury verdict finding him guilty of distribution of one-half pound or more of marijuana (SDCL 22–42–7). We affirm.

An informant was hired by the Aberdeen Police Department to assist in making a drug buy between appellant and a drug enforcement agent. Although appellant and the informant had worked together for a few months and appellant had hired the informant to paint his house, appellant testified that he knew the informant only by his nickname. After at least three incidents of asking appellant to sell marijuana, the informant successfully assisted in a drug buy between appellant and a drug enforcement agent. Appellant was subsequently arrested for distributing marijuana.

On the morning of the trial, the trial court granted appellant's motion to compel disclosure of the informant's name and denied appellant's motion for a continuance. The court allowed an in-camera interrogation of the informant the next morning.

Appellant contends that the State failed to timely disclose the informant's name and that the trial court abused its discretion in not granting appellant's motion for a continuance. We disagree.

Appellant contends that the state's attorney's and attorney general's offices were uncooperative with regard to his prior attempts to discover the name of the informant. The motion to compel disclosure, however, was not prepared until the day before the trial, and the hearing on the motion was scheduled for the morning of trial.[1] We have repeatedly held that late disclosure is not equated with suppression, especially in a case such as this, where defense counsel utilizes the information at

---

1. We note that the trial court commented that there was "no indication to the court whatsoever that there was any bad faith in withholding the confidential informant's name on the part of the state."

trial. *State v. Fox,* 313 N.W.2d 38 (S.D. 1981); *State v. Moves Camp,* 286 N.W.2d 333 (S.D.1979); *State v. Sahlie,* 277 N.W.2d 591 (S.D.1979).

The Supreme Court in *Roviaro v. United States,* 353 U.S. 53, 62, 77 S.Ct. 623, 628–29, 1 L.Ed.2d 639, 646 (1957), stated:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

We have held that the granting of a continuance is a matter within the trial court's discretion, which will not be reversed without a showing of clear abuse. *State v. DuBray,* 298 N.W.2d 811 (S.D.1980); *State v. Lohnes,* 266 N.W.2d 109 (S.D.1978). We have also held that where due diligence has failed to procure evidence and where a manifest injustice results from denial of a continuance, the trial court's action will be set aside. *State v. Dowling,* 87 S.D. 532, 211 N.W.2d 572 (1973). We conclude that no manifest injustice resulted from the trial court's refusal to grant the continuance.

The denial of the continuance neither prevented appellant from presenting his entrapment defense nor prevented him from impeaching the informant's character and credibility. The court allowed an in-camera, on-the-record interrogation of the informant the morning of the second day of trial.[2] Appellant was allowed to thoroughly cross-examine the informant at trial. Appellant also presented four witnesses besides himself for the purpose of impeaching the informant. Accordingly, we cannot say that the trial court abused its discretion in denying the motion for a continuance.

■ Appellant contends that the trial court committed reversible error in refusing to grant a mistrial based upon what appellant characterizes as the nonresponsive and highly prejudicial testimony of a police officer to the effect that appellant had several prior arrests. During cross-examination the following testimony was given:

Q. This [drug buy] occurred on July 10th, is that right?

A. Correct.

Q. And yet Mr. Smith was not arrested until September 1st, was he?

A. I believe so.

Q. So there was almost two months where nothing was ever done about this, is that right?

A. I wouldn't say nothing was ever done about it—

.     .     .     .     .

Q. He wasn't arrested for anything else, was he?

A. He has been arrested several times. I have no idea if he was arrested during that period of time.

BY MR. SVEEN: Your Honor, I would object to that, and would ask that his answer be striken. There's—

BY THE COURT: You asked the question.

We agree with the trial court. Appellant will not be allowed to complain of testimony appellant himself elicited. See *Drier v. Perfection, Inc.,* 259 N.W.2d 496 (S.D.1977); *Blackpipe State Bank v. Grass,* 78 S.D. 551, 105 N.W.2d 442 (1960). Likewise, if the officer erred in referring to the other ar-

---

**2.** Other jurisdictions have considered similar facts and upheld denials of continuances. In *Cummings v. State,* 73 Wis.2d 554, 243 N.W.2d 499 (1976), the Wisconsin Supreme Court held that the prosecution was not required to inform the defense of an informant's identity until there was a hearing on a motion to compel, and that where the subsequent motion for continuance was not made until the day of trial, there was no abuse of discretion in denying the continuance. In *State v. Gee,* 262 S.C. 373, 204 S.E.2d 727 (1974), the Supreme Court of South Carolina held that a denial of a continuance so that the defendant could prepare for effective cross-examination of an informer was not an abuse of discretion, when a temporary recess was granted after the continuance was denied.

rests, it was error that appellant invited and of which he will not now be permitted to take advantage. *State v. Parker*, 263 N.W.2d 679 (S.D.1978).

■ Appellant contends that the trial court committed reversible error in denying his motion for mistrial based on an inaccurate news story published during trial and read by at least three jurors. The trial began on October 13, 1981. The October 14, 1981, edition of the *Aberdeen American News* contained an article referring to the in-chambers motion hearing in appellant's case, to appellant's prior drug use, and to a plea bargain and a guilty plea of others arrested for drug violations. After appellant moved for a mistrial based on this publicity, the trial court questioned the jurors to determine if any had read the article. The court then questioned the three jurors who had read the article to determine if any of the three would be influenced by the article. All three of the jurors testified that they would not be influenced by the article. The court then informed the jurors that some of the information in the article should not have been included and that some of the information was inaccurate. The court then admonished the jurors to disregard anything that they had read about the case in the newspaper.

The United States Supreme Court has determined that the trial court has a large discretion in determining whether to grant a mistrial because jurors in a trial have read a news article concerning that trial. *Marshall v. United States*, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959). For such publicity to require a mistrial, the jurors must be shown to have been prejudiced by the publicity. *United States v. Reynolds*, 573 F.2d 242 (5th Cir. 1978); *State v. Olson*, 274 N.W.2d 190 (N.D.1978). There is no such showing in this case. See generally, Annot., 31 A.L.R.2d 417, §§ 17, 19 (1953).

■ Appellant argues that the trial court committed prejudicial error in refusing his requested cautionary instruction regarding an informant's testimony. The proposed instruction provided:

The testimony of an informer who provides evidence against a Defendant for pay, or for immunity from punishment, or for personal advantage or vindiction, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness, the jury must determine whether the informer's testimony has been effected by interest, or by prejudice against Defendant.

Appellant cites *State v. Beene*, 257 N.W.2d 589 (S.D.1977), as authority for requiring such an instruction. *Beene*, however, involved accomplice testimony, not testimony of an informant. Accordingly, that decision does not compel a holding that appellant's proposed instruction should have been given. Although we stated in *State v. Marshall*, 264 N.W.2d 911 (S.D.1978), that a cautionary instruction may be required in cases involving an informant's testimony, we limited this possible application to "proper" cases. *Id.* at 917. This is not such a case. A cautionary instruction for an informant's testimony is not required when there is material corroboration of the informant's testimony. *United States v. Lee*, 506 F.2d 111 (D.C.1974); *Lujan v. United States*, 348 F.2d 156 (10th Cir. 1965). Witnesses for both the State and appellant corroborated much of the informant's testimony and therefore precluded the need for the proposed cautionary instruction. We do not believe that the informant in this case was providing information for immunity from punishment or for personal advantage or vindication. Thus much of the requested instruction would not have been applicable. See *United States v. Lee*, supra.

We have considered appellant's remaining contentions and conclude that they do not raise issues requiring a reversal of the judgment.

The judgment is affirmed.

FOSHEIM, C.J., and DUNN and MORGAN, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

I distinguish *State v. Fox,* 313 N.W.2d 38 (S.D.1981) and *State v. Coe,* 286 N.W.2d 340 (S.D.1979), as defense counsel made no motion for a continuance therein. Here, defense counsel promptly moved for a continuance when he became aware of the informer's identity, his whereabouts, and that he would testify. The motion for continuance was renewed continually by defense counsel throughout the trial.

Particularly disturbing to me is that there existed uncertainty as to whether the state's attorney's office of Brown County or the Attorney General's office would prosecute and defense counsel was caught up in a prosecutorial shell game. Numerous conversations, prior to trial, between defense counsel and various prosecutors led defense counsel to believe that full disclosure would be made by the prosecution. Defense counsel was repeatedly assured that open discovery would be allowed. This proved untrue and I believe that the prosecution took advantage of defense counsel. It was just 15 minutes prior to trial that the prosecution revealed the name of the informant and that he would be called to testify. The informant's testimony, according to the prosecution's statements to the trial court, was essential. It was therefore equally essential to defense counsel to adequately prepare concerning such testimony.

Late disclosure might not be equated with suppression but leading a brother at the bar to believe he will be given all information on the case and then not doing so only to spring the information 15 minutes prior to trial, is a horse of a different color. Justice is not a game of hide and seek. It is a search for truth. Defense counsel, on behalf of his client, had the right to prepare for effective cross-examination and impeachment of a vital witness. Having been denied a continuance to do so, defense counsel was impaired in effectively defending the cause he was professionally called upon to defend. Furthermore, defense counsel was required to cross-examine witnesses prior to the informer being made available. Thus, his client's cause was prej-

udiced. Therefore, I dissent as I believe the trial court abused its discretion in denying a continuance.

I further support this dissent with the following United States Supreme Court language:

What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

\*     \*     \*     \*     \*     \*

A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

*Roviaro v. United States,* 353 U.S. 53, 59–61, 77 S.Ct. 623, 627–28, 1 L.Ed.2d 639, 644–45 (1957) (citations omitted). The Court concluded that the failure of the government to disclose the identity of the undercover agent in the face of demands by the accused constituted prejudicial error which required reversal of the conviction.