**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Paul E. PARSONS, Defendant and Appellant.**

**No. 14132.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 29, 1983.

Decided Jan. 4, 1984.

Dennis R. Holmes, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Walford A. Eklund of Johnson, Eklund & Davis, Gregory, for defendant and appellant.

DUNN, Justice.

This is an appeal from a judgment of conviction for two counts of grand theft by receiving stolen property, pursuant to SDCL 22–30A–7, and one count of possession of property with an altered serial number, pursuant to SDCL 22–11–27. We affirm.

Sometime during March of 1981, property was stolen by a nephew of appellant Paul E. Parsons from businesses in Little Falls, Minnesota. The property included, among other things, barrels of oil, a welder, and a floor jack. The stolen items were taken to Blunt, South Dakota, where they were placed in or near the garage where Parsons did auto repair work. Testimony from a neighbor family indicated that Parsons knew the property was stolen and that he used it in his work.

After being alerted to the criminal activities by the neighbor family, law enforcement officers conducted two searches, pursuant to valid warrants, of the Parsons property in Blunt. They found the property stolen from the businesses in Little Falls, Minnesota, and during one of the searches the officers also found a black and silver Chevrolet pickup truck which had altered serial numbers. Testimony at trial established that Parsons had obtained a wrecked pickup, removed the identification number from it, placed the identification number on the Chevrolet pickup found by the officers, painted the Chevrolet pickup, and then got a title for it so it would be "legal."

A Hughes County grand jury indicted Parsons on two counts of grand theft by receiving stolen property and two counts of possession of property with altered serial numbers. Following a jury trial, Parsons was found guilty on all counts except one count of possession of property with altered serial numbers. Parsons was sentenced to five years in the South Dakota State Penitentiary for the conviction of grand theft by receiving stolen property, with three of the five years suspended on certain conditions. He was sentenced to two years in the penitentiary for the conviction of possession of stolen property with altered serial numbers.

Parsons raises two issues on appeal. His first contention is that a cautionary instruction should have been given when witnesses for the State testified after having been given immunity from prosecution. Specifically, members of the Rohwer family, neighbors of Parsons, who were important witnesses for the State, were given immunity from prosecution for anything said at trial or for other potential charges against them for crimes unrelated to the present counts against Parsons. Parsons' proposed jury instruction stated that testimony from a witness given immunity from prosecution "should be viewed with caution and distrust." Parsons also claims that the cautionary instruction should have been given because of personal animosities between the Rohwer family and him. We disagree.

While this court has stated that cautionary instructions must be given when an accomplice has testified, *Grooms v. State*, 320 N.W.2d 149 (S.D.1982), *State v. Beene*, 257 N.W.2d 589 (S.D.1977), and cautionary instructions are to be given in proper cases when an informant has testified, *State v. Smith*, 325 N.W.2d 304 (S.D.1982), we have never stated that a cautionary instruction should be given when there has been testimony from an individual given immunity from prosecution. We also fail to find authority from any jurisdiction to the effect that a cautionary instruction should be given when a witness has been given immunity from prosecution. Here the Rohwers fail to meet the definition of an accomplice: one who is liable to prosecution for the identical offense charged against the defendant on trial and who has in some manner knowingly and with criminal intent

participated, associated, or concurred with another in the commission of a crime. *State v. Fox*, 313 N.W.2d 38 (S.D.1981). Nor do the Rohwers fall within the category of being informants. *See State v. Smith, supra; State v. Marshall*, 264 N.W.2d 911 (S.D.1978).

Not only does Parsons fail to cite any authority for his contention, his proposed instruction was properly rejected for the following reasons: First, Parsons has not shown and the evidence does not reveal that the grant of immunity from prosecution to the Rohwers caused them to have the type of motivations, like those of an accomplice or informant, which require a jury to view their testimony with distrust. Second, as to any personal animosity the Rohwers might have had against Parsons, the trial court's jury instruction number nine stated: "In determining the credit to be given to any witness you may take into account ... any interest, bias or prejudice he may have ...." Therefore, the jury was instructed to take personal biases into account when weighing the credibility of all the witnesses; a special instruction was unnecessary. When viewing the instructions as a whole, we find that they correctly state the law and inform the jury. *State v. White Mountain*, 332 N.W.2d 726 (S.D. 1983); *State v. Fox, supra.*

■ Parsons' second contention is that there was insufficient evidence to support his conviction. It is well settled that in determining the sufficiency of evidence on appeal, the question presented is whether or not there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. In making such a determination, this court will accept that evidence, and the most favorable inferences that can be fairly drawn therefrom, which will support the verdict. *State v. Jorgensen*, 333 N.W.2d 725 (S.D.1983); *State v. Moeller*, 298 N.W.2d 93 (S.D.1980).

■ The record is replete with evidence supporting the jury's finding of guilt. There was testimony from Parsons' nephew that the property in question was sto-

len. There was substantial evidence from members of the Rohwers family that Parsons knew the items of property were "hot." Parsons admitted at trial that the stolen property was kept in the garage where he did auto repair work and that he used some of the property in his work. Thus, there was sufficient evidence which the jury could rely upon in determining Parsons' guilt.

■ Parsons' assertion that the value of the stolen goods in Count I was not in excess of $200, as charged in the indictment, is without merit. It is true that by the time of trial, three of the stolen barrels were empty or contained only a small amount of oil, and thus were of little value. However, evidence was produced at trial from which the jury could infer that during the year and a half from the time the barrels were stolen to the time law enforcement officers seized them, Parsons used the contents of the barrels. Therefore, the jury determined that when the barrels were stolen and brought to Parsons, they were full of oil and had a value over $200.

The judgment of conviction is affirmed.

All the Justices concur.