23235

The STATE, Respondent v. Michael HAYWARD, Appellant.
(393 S.E. (2d) 918)

Supreme Court

*Asst. Appellate Defender Robert M. Pachak,* of S.C. Office *of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Miller W. Shealy, Jr.,* Columbia, and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard March 6, 1990.

Decided July 2, 1990.

TOAL, Justice:

The sole issue of import in this appeal is whether the trial court erred in denying the appellant's motion to compel the disclosure of the names of two informants. We find no error and therefore affirm.

## FACTS

The appellant, Michael Hayward, was charged and convicted of selling a piece of crack cocaine to Rodney Roberts, an

undercover agent employed by SLED. Roberts, apparently not a police officer, was supervised by SLED agent Keith Stokes. Stokes sent Roberts and two females to "Blow's Place" to conduct an undercover "sting" operation.

Upon their arrival at Blow's Place, the appellant allegedly approached their car and had a brief conversation with one of the females on the passenger side of the vehicle.[1] After this conversation, Roberts got out of the car and moved with the appellant some fifteen to twenty yards away. Roberts testified that "I told him (the appellant) I wanted to purchase a twenty dollar piece of crack cocaine. He then gave me one tan rock.[2] I handed him one twenty dollar bill of state funds." (Tr. 8, 11. 19-21).

Upon returning to the car, Roberts was informed by the females that the name of the man with whom he had dealt was Michael Hayward. At trial, Roberts testified to the following:

Q: Is there any question in your mind that this man who is seated here today—that's the man from whom you bought this rock?
A: Yes, sir. That's the man that came to my car and I bought drugs from him.

(Tr. 11, 11. 17-21).

## LAW/ANALYSIS

The appellant asserts that the trial court erred in refusing to require the State to disclose the identities of the female informants. We disagree.

As a general rule, the State may withhold the names of informants. This privilege is necessary for protecting law enforcement. *State v. Bernotas*, 277 S.C. 106, 283 S.E. (2d) 580 (1981). However, disclosure may be required when the informant is a participant in, or a material witness to, a criminal transaction. *State v. Burney*, 294 S.C. 61, 362 S.E. (2d) 635 (1987); *State v. Diamond*, 280 S.C. 296, 312 S.E. (2d) 550 (1984). Where it has not been shown that the informants were participants in, or material witnesses to, the alleged criminal transaction, we have refused to compel disclo-

---

[1] Roberts appears to have been the driver at the time.

[2] The "rock" referred to by Roberts was proven at trial to in fact contain crack cocaine.

sure. *See e.g. State v. Bernotas*, 277 S.C. 106, 283 S.E. (2d) 580 (1981).

Here, there is no evidence that the females were actively involved in the "sting," or that they witnessed the drug buy. Instead, all evidence points to the contrary. In addition to conducting the drug transaction fifteen to twenty yards from the females, Roberts testified that "[t]hey (the females) were not present in the drug buy. It was a one-on-one basis between that young man and myself." (Tr. 16, 11. 9-10). Roberts also testified that the females had no knowledge of what his conversation with the appellant concerned. (Tr. 18, 11. 8-9.) Hence, we find no error in the trial court's ruling.

The remaining issues are affirmed pursuant to Supreme Court Rule 23. Argument II: *State v. Blackburn*, 271 S.C. 324, 247 S.E. (2d) 334 (1978) (the admission of improper evidence is harmless where merely cumulative to other evidence). Argument III: *State v. Winestock*, 271 S.C. 473, 248 S.E. (2d) 307 (1978) (appellant has the burden of presenting a sufficient record for our review).

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.