314 N.W.2d 866 (1982)
STATE of South Dakota, Plaintiff and Appellee,
v.
Russell McKEE, Defendant and Appellant.
No. 13340.
Supreme Court of South Dakota.
Considered on Briefs November 18, 1981.
Decided January 20, 1982.
Grant E. Gormley, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.
Charles D. Gullickson of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellant.
WOLLMAN, Chief Justice.
This is an appeal from a judgment of conviction of the crime of manslaughter in the second degree. SDCL 22-16-20.[1] We affirm.
An automobile driven by defendant struck the rear of a semi-trailer truck near the town of Gayville at about 2:00 a. m., June 7, 1980. Both vehicles were traveling east on Highway 50 at the time of the accident. The truck driver testified that he signaled to change from the right-hand to the left-hand eastbound lane in order to turn north onto a county highway approximately one mile west of Gayville. After changing lanes he saw defendant's headlights in his mirrors, estimating that defendant was approximately one-quarter mile behind him also in the left-hand lane. The truck driver further testified that his *867 left-turn signals continued to operate as he slowed to make the northbound turn. He estimated that he was traveling twenty miles per hour when, his turn nearly completed, the left rear tires of the truck were struck by defendant's car. The passenger in defendant's automobile died at the scene from injuries received in the collision. An analysis of the blood sample taken from defendant shortly after the accident revealed a blood alcohol level of .25 percent.
Defendant testified that he and the accident victim had been celebrating defendant's birthday during the evening hours of June 6 by driving around in the Yankton area and drinking beer. Defendant testified that he could remember nothing of the events that occurred between 1:00 a. m. and 2:30 p. m. on June 7.
One month before trial defendant asked to examine the notes and minutes of the grand jury proceedings. The order to produce this information was granted ten days later, but on the day before trial the State had yet to comply. On the day of trial defendant filed a motion to dismiss the charges against him on the ground that the information required to be kept by SDCL 23A-5-6 was not made available pursuant to the court's order, whereupon the trial court asked the state's attorney to explain the noncompliance.[2] The state's attorney replied that the clerk of the grand jury had taken the minutes of testimony home with him instead of filing them with the clerk of courts: "He [the grand jury clerk] has been contacted by the Clerk, but saw fit not to bring whatever minutes he had in. He was requested to do so, but said he didn't want to."
After observing that the grand jury minutes would have been summary in nature rather than a verbatim account, the trial court inquired whether the state's attorney desired to place of record any grand jury testimony that defense counsel might not be aware of and which might be helpful to defendant. The state's attorney then gave a narrative summary on the record of the testimony of the four witnesses that had appeared before the grand jury, after which the trial court denied defendant's motion, finding that defendant had not been prejudiced by the failure of the clerk to file the minutes pursuant to SDCL 23A-5-6. The trial court also ruled that the motion to dismiss was untimely.
The first issue raised on appeal is whether the trial court erred when it refused to dismiss the charge for the failure of the State to comply with the discovery order. We hold that it did not.
Although a trial court's order for the production of evidence must be expeditiously carried out and obeyed, State v. Sahlie, 90 S.D. 682, 245 N.W.2d 476 (1976), not every failure to produce evidence as ordered is, without more, prejudicial error. Marshall v. State, 305 N.W.2d 838 (S.D. 1981); State v. Reiman, 284 N.W.2d 860 (S.D.1979). Defendant did not request a continuance to enable him to examine the grand jury clerk. Moreover, there is no hint that the state's attorney did not fully and fairly comply with the trial court's suggestion that he verbally disclose the substance of the testimony given before the grand jury. The State did not offer previously undisclosed evidence at trial. Accordingly, in view of the lack of showing of any prejudice to defendant, we hold that the trial court did not abuse its discretion in denying defendant's motion to dismiss. See SDCL 23A-13-17.[3]
*868 The second issue is whether the trial court erred in denying defendant's motion for a judgment of acquittal. In support of his contention that the State had failed to introduce sufficient evidence to support the jury's finding that he had recklessly caused his passenger's death, defendant points to the absence of testimony regarding the manner of his driving or the speed of the car immediately prior to the collision.
In reviewing the sufficiency of the evidence to support a conviction, we must accept "that evidence, and the most favorable inferences that can be fairly drawn therefrom, which will support the verdict." State v. Zobel, 81 S.D. 260, 263, 134 N.W.2d 101, 102 (1965). SDCL 22-1-2(1)(d) provides:
The words "reckless, recklessly" and all derivatives thereof, import a conscious and unjustifiable disregard of a substantial risk that the offender's conduct may cause a certain result or may be of a certain nature. A person is reckless with respect to circumstances when he consciously and unjustifiably disregards a substantial risk that such circumstances may exist[.]
When viewed in the light most favorable to the verdict, the evidence in this case is sufficient to prove beyond a reasonable doubt that defendant was reckless. Defendant was shown to be highly intoxicated at the time of the collision. The state chemist who analyzed the blood sample testified that:
At a blood alcohol level of .25 percent by weight, an individual would be seriously detrimentally affected by this alcohol. His reaction time would be greatly increased, he would have a problem with his muscular coordination. Judgment would also be affected.
In addition, at the time of the collision the weather was clear; the road where the accident occurred was level and straight; there was ample distance between the truck and the car when the truck changed lanes; the turn signals on the truck were operating; all of the other lights on the truck were working properly; defendant's car struck the rear of the truck while the truck was traveling away from the car at twenty to twenty-five miles per hour; the force of the impact broke the rear axle of the trailer loose from the frame and caused extensive damage to the automobile, this after the automobile left seventy-three feet six inches of skid marks.
In the light of the evidence of defendant's intoxication and the resulting circumstances of the accident, we conclude that the trial court did not err when it denied the motion for judgment of acquittal.
The judgment of conviction is affirmed.
DUNN, MORGAN and FOSHEIM, JJ., concur.
HENDERSON, J., concurs specially.
HENDERSON, Justice (specially concurring).
On August 18, 1980, the trial court entered its order requiring the State to furnish defense counsel with "all stenographer notes, minutes, tape recordings, transcript, or other minutes of the grand jury proceedings. . . ." As the majority opinion points out, SDCL 23A-5-6 clearly makes it mandatory that minutes of grand jury proceedings be preserved and filed of record.
The grand jury clerk failed to comply with the statute; the state's attorney failed to comply with the trial court's order. Before the trial court, the state's attorney expressed that the grand jury minutes "are not such they could be intelligible to anyone else because they are strown [sic] all over the house . . ." We have before us, then, a mockery of the state statute by the clerk of the grand jury with regard to the preservation of the minutes. Coupled with this conduct is the disobedience of the grand jury clerk who indicated that he did not want to bring the minutes to the trial court *869 because "he didn't want to." No sanctions were taken against this clerk and I maintain that he should have been (1) publicly upbraided and cited for contempt by the trial court and (2) required to immediately produce and file the minutes, whatever condition they may have been in.
At issue is whether this error (and it is error) in the trial proceedings constitutes prejudicial error or harmless error. SDCL 23A-44-14 is the key statute to consider, and it provides:
Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.
Further, another applicable statute, SDCL 23A-13-17, must be invoked when weighing prejudicial or harmless error herein. A criminal procedure statute, SDCL 23A-13-17 provides:
If, at any time during the course of a proceeding, it is brought to the attention of a court that a party has failed to comply with an applicable discovery provision, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances. The court may specify the time, place and manner of making the discovery and inspection and may prescribe such terms and conditions as are just.
The remedy, it appears, for nondisclosure of discoverable material is left to the sound discretion of the trial court. In my opinion, under SDCL 23A-13-17, the trial court should have preserved and protected the sanctity of its previous order, particularly in light of the nonchalant, if not obstreperous, attitude of the grand jury clerk. Rather, with the start of the trial only minutes away, the trial judge asked the state's attorney if he had any information from the grand jury proceedings which would be helpful to the defense. The state's attorney then responded with a summary of the State's case. It appears from the record that the state's attorney, to the trial court's satisfaction, divulged all happenings before the grand jury. Most importantly, however, during the course of the trial, the State introduced no undisclosed grand jury testimony.
Although I join the majority opinion, I wish to express my strong displeasure towards any action by a public official which precludes a fair trial. And I trumpet a warning to the prosecutors of this state: SDCL ch. 23A-13 was enacted in 1978 by our Legislature in the spirit of insuring equal and fair justice to all the criminally accused in the state of South Dakota through discovery procedures. The discovery statutes are there to eliminate trial by ambush. Discovery, to be meaningful, must ordinarily be as far in advance as is possible (within practical time constraints) to permit the accused an opportunity to investigate the evidence which is damning to his innocence, or to discover evidence that is helpful to his cause. The trial courts of this state must breathe a vibrant life into the criminal discovery statutes lest disclosures be so tardy that defense counsel is availed little time to prepare his case. I am not unaware that this Court does "not equate late disclosure with suppression, especially where ... the trial record indicates that defense counsel made use of the information at trial." State v. Moves Camp, 286 N.W.2d 333, 339 (S.D.1979); State v. Fox, 313 N.W.2d 38 (S.D.1981). We have not deviated, however, from our holding in State v. Sahlie, 90 S.D. 682, 687, 245 N.W.2d 476, 478 (1976) (as mod. in State v. Reiman, 284 N.W.2d 860 (S.D.1979)), which requires that orders to produce be "expeditiously carried out and obeyed" (emphasis mine). It is further expressed in Sahlie 90 S.D. at 688, 245 N.W.2d at 479: "It is axiomatic to a fair trial that the state obey the court's orders concerning the conduct of the trial." I am concerned that the prosecutorial bar of this state might content itself with an interpretation that a belated disclosure will consistently pass constitutional muster in this Court. Each late disclosure must be examined, under the specific facts of every case, to determine if there is a due process violation. "Expeditious" does not mean *870 that a state's attorney can dawdle, procrastinate, or delay.
Therefore, two questions arise concerning the grand jury minutes: (1) did the trial court commit prejudicial error in denying defendant's motion of dismissal due to a failure to preserve and file the minutes, and (2) did the trial court abuse its discretion by not granting a motion to dismiss based upon the State's failure to comply with the previously entered order to produce the grand jury minutes?
Answering the first query, I am persuaded that inasmuch as the State introduced no undisclosed grand jury testimony, defendant was not prejudiced to such extent that his case should have been dismissed. True, there was a defect or irregularity but it did not so substantially affect his rights whereby he was deprived of a fair trial. I would further add that the state's attorney was in a difficult position; for, indeed, it was not he but the clerk of the grand jury who took such a cavalier attitude. I do not believe the grand jury clerk was part of the prosecutorial team and I am convinced the state's attorney did not withhold evidence favorable to the accused. Under the well-established rule of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), suppression of evidence material to guilt or punishment by the prosecution violates due process. As Mr. Justice Douglas wrote for the Court:
We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.
The principle of Mooney v. Holohan [294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1934) ] is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused. Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly. An inscription on the walls of the Department of Justice states the proposition candidly for the federal domain: "The United States wins its point whenever justice is done its citizens in the courts." A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant. That casts the prosecutor in the role of an architect of a proceeding that does not comport with standards of justice, even though, as in the present case, his action is not "the result of guile," to use the words of the Court of Appeals. [Brady v. State], 226 Md., [422] at 427. [174 A.2d [167] at 169. 373 U.S. 87, 83 S.Ct. 1197, 10 L.Ed.2d 218.]
Id. at 87-88, 83 S.Ct. at 1196-1197, 10 L.Ed.2d at 218-219.
With regard to the second query, again the state's attorney was locked into a situation created by the grand jury clerk. Further, defendant made no motion for a continuance and proceeded to trial. Pursuant to SDCL 23A-13-17, the trial court, realizing that the state's attorney had not complied with its order, and understanding the facts behind the noncompliance, saw fit to enter an oral order from the bench (to which the state's attorney fully complied). There was no abuse of discretion in entering such an oral order or in denying defendant's motion to dismiss based upon a failure to comply with a previously entered written order of discovery.
Considering the overwhelming evidence, direct in nature and not circumstantial as defendant maintains, the elements of second-degree manslaughter were established. The evidence is so strong that the case compels an affirmance on this issue, as it similarly convinced the jury of a guilty verdict beyond a reasonable doubt. The trial court sentenced defendant to four years in the state penitentiary; I would affirm the conviction and sentence because, under the evidence and the state of the record, defendant received a fair trial.
NOTES
[1] SDCL 22-16-20 states:

Any reckless killing of one human being by the act or procurement of another which, under the provisions of this chapter, is neither murder nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree. Manslaughter in the second degree is a Class 4 felony.
[2] SDCL 23A-5-6 provides in part:

. . . .
The grand jury must appoint one of its members as clerk, who must preserve minutes of its proceedings and of the evidence given before it. The clerk shall keep a record of the number of the jurors concurring in the finding of every indictment, but not the votes of the individual members, and shall file the record with the clerk of the court, but the record shall not be made public except on the order of the court.
[3] We do not hold that the failure to preserve grand jury minutes is a trivial error, as the State contends. Indeed, we suggest that in charging grand juries pursuant to SDCL 23A-5-6, our trial courts emphasize the importance of the duty of the designated clerk to preserve and file the minutes of the proceedings. Whether the trial court in the instant case should have taken some action to bring the grand jury clerk before the court to answer for his apparently casual disregard of the court's order is a question on which we intimate no opinion.