[Crim. No. 3052. In Bank.—April 20, 1928.]

THE PEOPLE, etc., Respondent, v. H. N. LEIN, Appellant.

Fred L. Hamblin for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and John D. Richer for Respondent.

SHENK, J.—In the county of Riverside the defendant was charged by information with having intoxicating liquor unlawfully in his possession. He pleaded guilty to conviction of a similar prior offense, and pleaded not guilty to the offense charged in the information. On the trial the jury returned a verdict of guilty as charged. The trial court pronounced judgment that defendant pay a fine of $1,000 or be confined in the county jail one day for each two dollars of the fine, the total period of confinement not to ex.

ceed six months. The defendant appeals from the judgment.

The defendant's first contention is that the prosecuting witness Trivet was an accomplice; that the corroborating evidence was insufficient to convict the defendant under the provisions of section 1111 of the Penal Code, and that the trial court should have given an instruction covering the provisions of that section of the code. For the purposes of this opinion it is necessary to state only that said witness testified that he purchased fifty gallons of whisky from the defendant; that he helped the defendant carry some of the liquor from a cotton patch near the defendant's shack and emptied it from its containers into certain other containers and, together with an additional quantity which defendant produced from "somewhere outside," loaded the containers on his automobile. Just prior to driving away he and the defendant became engaged in a quarrel, as a result of which he shot at and wounded the defendant. There is no evidence in the record that Trivet aided or abetted defendant in obtaining possession of the liquor. If Trivet's testimony be believed, and we must assume that the jury believed it, the transaction was a purchase and sale of liquor which was already in the defendant's possession. In legal contemplation Trivet's possession commenced when the sale was consummated and he drove off with it. The later possession of the purchaser is not the possession of the 'seller. There is not in such cases an identity, but merely a similarity of offenses. The possession of each was separate and distinct. (*People* v. *Galli*, 68 Cal. App. 682 [230 Pac. 20].) The trial court did not, therefore, commit error in refusing to instruct the jury as requested.

The defendant further contends that, as Trivet was a confessed bootlegger and admitted that he had testified falsely at the preliminary hearing because he did not want to incriminate himself on a charge then pending but since dismissed, there is no substantial testimony in the record to sustain the verdict. There was evidence on behalf of the defendant to the effect that Trivet stopped his automobile at defendant's place and tried to hold him up for money; that the defendant called for his gun, which his son brought to him, and that Trivet shot and wounded the

defendant as a result of the episode which the defendant relates. The record presents a sharp conflict in the evidence. The credibility of the witnesses and the weight to be given their testimony were, of course, matters exclusively for the jury to determine. In this state of the record the judgment cannot be disturbed on the ground of the insufficiency of the evidence.

However, the judgment in its entirety cannot stand in view of the provisions of section 29 of title II of the National Prohibition Act (Fed. Stats. Ann. 1919 Supp., p. 215 [27 U. S. C. A., sec. 46]), providing for a maximum jail sentence of ninety days for the second offense, and the provisions of section 1205 of the Penal Code, which are that ". . . the judgment must specify the extent of the imprisonment, which must not exceed one day for every two dollars of the fine nor extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted." The judgment is therefore void to the extent that it directs imprisonment beyond the period of ninety days. (*People* v. *Cenevich*, 64 Cal. App. 39 [220 Pac. 448].)

The judgment is modified by striking therefrom the following: " . . . and that he will not be confined in the county jail under any circumstances for more than a period of six months," and in lieu thereof the following is ordered inserted: "provided, however, that the duration of such imprisonment for default in the payment of said fine shall not exceed ninety days." As so modified the judgment is affirmed.

Richards, J., Seawell, J., Curtis, J., Langdon, J., and Preston, J., concurred.