Robert "Bobby" Alan GRAY, a/k/a Robert "Bobby" Alan Tarr, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–16.

Court of Criminal Appeals of Oklahoma.

Oct. 6, 1978.

Don L. Wyatt, Saunders & Wyatt, Ada, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., H. Lee Schmidt, Legal Intern, for appellee.

OPINION

BUSSEY, Presiding Judge:

Appellant, Robert "Bobby" Alan Gray, also known as Robert "Bobby" Alan Tarr, hereinafter referred to as defendant, was convicted in the District Court, Pontotoc County, Case No. CRF–76–116, of Unlawful Possession of Controlled Drugs With Intent to Distribute, in violation of 63 O.S.1971, § 2–401, ¶ B 2. Punishment was fixed at two (2) years in the State penitentiary. From this judgment and sentence defendant has perfected a timely appeal to this Court.

Defendant's first assignment of error asserts that State's witness Howard Lee Baker, Jr., was an accomplice whose testimony was uncorroborated. At defendant's trial, Baker described the following drug exchange. After preliminary negotiations, Baker went to defendant's house where he agreed to trade a quantity of marihuana for some "downers." The defendant then produced a pillowcase full of drugs, fished out two plastic bags of pills (approximately 250 tablets of Diazepam, a tranquilizer), and the transaction was completed. Baker's further testimony indicated that he himself intended to sell the drugs. Defendant now seizes upon that indication to argue that Baker, like the defendant, was guilty of possession with intent to distribute, thus meeting the definition of an accomplice, that is, one who could have

been charged with the offense for which the accused was tried. *Farrar v. State*, Okl.Cr., 505 P.2d 1355 (1973). While defendant correctly states the test for determining whether a witness is an accomplice, we find he misapplies it. In the present case, it is mere coincidence that identical charges could have been filed separately against the two men. A witness is not an accomplice to a defendant simply because his distinct acts happen to constitute a like offense. Rather, it is necessary that a charge against that witness could have arisen from the same occurrence as the crime for which the defendant was tried. Because Baker's independent misconduct does not amount to the kind of participation inherent in the term "accomplice," we cannot accept defendant's proposition.

■ At any rate, it is clear that Baker's testimony was thoroughly corroborated. A valid search warrant had been issued upon information supplied by Baker after he was stopped for a traffic violation, then arrested when the officer discovered the drugs on his person. Testimony of the officers who conducted the search of defendant's house corroborated the material facts of Baker's testimony, such as defendant's possession of the pillowcase, drugs, paraphernalia, etc. The fruits of that search, certainly, were independent evidence tending to connect the defendant with the commission of the crime. *Kern v. State*, Okl.Cr., 522 P.2d 644 (1974).

■ In the second assignment of error, defendant's attorney complains that the trial court stifled his attempts to reveal Baker's prior criminal record and its bearing on a bargain Baker had admittedly made with the District Attorney's Office. The trial transcript, however, totally refutes this argument. The terms of the "deal" were brought out in detail, chiefly through the prosecutor's direct examination of the witness. Baker agreed to testify in exchange for a reduction of a pending drug charge to misdemeanor possession with a recommended sentence of 30 days, although he could have received a much harsher sentence had his former convictions been considered. So long as the jurors were aware of the "deal," they could properly consider it in assessing Baker's credibility, which is the whole point of the requirement that such bargains be disclosed at trial. See *Runnels v. State*, Okl.Cr., 562 P.2d 932 (1977). Accordingly, we reject the contention that defense counsel was prevented from inquiring into the negotiations between Baker and the District Attorney.

■ Defendant's third assignment of error asserts that the trial court should have sustained a motion to suppress evidence consisting of extrajudicial statements made by Baker after his arrest, namely the statements which led to the issuance of the search warrant. The record, however, is devoid of any mention of this motion, much less the motion itself and the trial court's ruling thereon. We hold, therefore, that this proposition is improperly before this Court. *Hill v. State*, Okl.Cr., 568 P.2d 635 (1977).

■ In his final assignment of error, the defendant contends that the punishment imposed was excessive. We need only observe that the statute under which defendant was prosecuted, 63 O.S.1971, § 2–401, ¶ B 2, provides for a minimum sentence of two years, which the defendant in this case received. Obviously, this punishment was not excessive.

For the above reasons, the judgment and sentence appealed from is AFFIRMED.

CORNISH and BRETT, JJ., concur.