**STATE of South Dakota, Plaintiff
and Appellee,**

**v.**

**William Robert FOX, Defendant
and Appellant.**

No. 13322.

Supreme Court of South Dakota.

Argued Oct. 1, 1981.

Decided Dec. 2, 1981.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

William H. Coacher, Sturgis, for defendant and appellant; Thomas L. Trimble of Sieler, Sieler, Trimble & Crawford, Rapid City, on brief.

HENDERSON, Justice.

## ACTION

This is an appeal by William Robert Fox (appellant) from a judgment based on a jury verdict finding him guilty of possession and distribution of marijuana and distribution of a controlled substance, namely cocaine. Appellant contends that several crucial evidentiary and procedural errors were committed by the court below. We disagree and affirm.

## FACTS

The facts of this case revolve around a drug investigation conducted by authorities involving a paid informant. This informant was requested by law enforcement officials to purchase illegal drugs from Donald W. Becker. On at least two separate occasions, the informant approached Becker in an attempt to purchase drugs. Becker in turn contacted appellant who supplied him with the drugs which were subsequently sold to the informant. The transactions between appellant and Becker, however, did not occur in the immediate presence of the informant. Becker testified at appellant's trial pursuant to a plea bargain.

Several months subsequent to appellant's arrest, the informant was interviewed by officials of the South Dakota Division of Criminal Investigation. This was apparently prompted by certain problems arising from the informant's conduct while he was working for the State. A tape was made of this interview. Attorneys for both the prosecution and the defense did not learn of this tape until the day of the trial. The contents of the tape revealed, among other things, that the informant had on occasion stolen money from the State and "skimmed" a portion of the drugs he purchased in connection with his position as an informer.

## ISSUE ONE

Appellant contends that the State knowingly elicited tainted and false testimony from the informant, thus depriving him of a fair trial. We do not agree. Basically, appellant is urging that the informant's testimony was not credible. It is the function of the jury to determine the credibility of witnesses. *State v. Masteller*, 272 N.W.2d 833 (S.D.1978); *State v. Herman*, 253 N.W.2d 454 (S.D.1977); *State v. Minkel*, 89 S.D. 144, 230 N.W.2d 233 (1975); *State v. Shank*, 88 S.D. 645, 226 N.W.2d 384 (1975). Due to the nature of the tape's contents, the trial court permitted defense counsel to extensively cross-examine the informant regarding his credibility. Further, the trial court correctly instructed the jury on witness credibility and impeachment. With these considerations in mind, we hold that the testimony of the informant was properly admitted into evidence.

## ISSUE TWO

It is also contended that appellant was denied due process because the afore-

mentioned tape was not made known to him until immediately prior to trial. Essentially, appellant is maintaining that the State withheld evidence. The prosecuting attorney learned of the tape's existence at the same time as appellant, although the trial court knew of the tape approximately one month before trial.

This Court stated in *State v. Moves Camp*, 286 N.W.2d 333, 339 (S.D.1979):

It is important to note our statement in *State v. Sahlie*, 277 N.W.2d 591 (S.D. 1979), that the rule of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requiring disclosure of material and exculpatory material applies only to situations where the defense discovers after trial that the prosecution had material information that remained undisclosed during the trial. We do not equate late disclosure with suppression, especially where, as here the trial record indicates that defense counsel made use of the information at trial.

*See State v. Reiman*, 284 N.W.2d 860 (S.D. 1979). Although informed of the tape the day of trial, appellant's trial counsel was allowed to listen to the tape in its entirety before the trial actually commenced. Indeed, the contents of the tape became the basis of appellant's extensive cross-examination of the informant. Moreover, there is no indication that appellant requested a continuance after being informed of the tape. Thus, we hold that appellant was not denied a constitutionally fair trial by the late disclosure of the tape.

### ISSUE THREE

Appellant maintains that the testimony of Becker, an alleged accomplice, was not corroborated; hence, the conviction cannot stand.* Under these facts, we find that corroboration is unnecessary since Becker was not an accomplice to appellant's crimes. "An accomplice is one who is liable to prosecution for the identical offense charged

against the defendant on trial. To render one an accomplice he must in some manner knowingly and with criminal intent participate, associate or concur with another in the commission of a crime." *State v. Johnson*, 81 S.D. 600, 606, 139 N.W.2d 232, 236 (1965). In *State v. Phillips*, 18 S.D. 1, 5–6, 98 N.W. 171, 173 (1904), this Court defined an accomplice as: "[O]ne who knowingly, voluntarily, and with common intent with the principal offender, unites in the commission of the crime." *See also State v. Shields*, 81 S.D. 184, 132 N.W.2d 384 (1965); *State v. Power*, 74 S.D. 498, 54 N.W.2d 565 (1952); *State v. Douglas*, 70 S.D. 203, 16 N.W.2d 489 (1944). Here, as a result of the transactions between himself, appellant and the informant, Becker pled guilty to one count of distribution of a controlled substance (cocaine).

It has been generally held that a purchaser of illegal drugs is not an accomplice to the crime of selling drugs. *Lujan v. Nevada*, 85 Nev. 16, 449 P.2d 244 (1969); *State v. Anderson*, 172 N.W.2d 597 (N.D.1969); *State v. Nasholm*, 2 Or.App. 385, 467 P.2d 647 (1979); *State v. Warnock*, 7 Wash.App. 621, 501 P.2d 625 (1972); 23 C.J.S., Criminal Law, § 798(20) (1961).

■ Under the facts of the case at bar, however, Becker was not only a purchaser of drugs, but also a seller. Becker's status still does not constitute that of an accomplice for, as stated in *Gray v. State*, 585 P.2d 357, 359 (Okla.Cr.1978):

A witness is not an accomplice to a defendant simply because his distinct acts happen to constitute a like offense. Rather, it is necessary that a charge against that witness could have arisen from the same occurrence as the crime for which the defendant was tried.

The court in *Gray* rejected the argument that a witness who purchased illegal drugs from the defendant was an accomplice to the defendant's crime of possession with intent to distribute merely because the pur-

---

* SDCL 23A–22–8 provides:

A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence which tends to connect the

defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

chaser had stated that he planned to resell the drugs. In the instant case, the facts clearly demonstrate that the crimes of Becker and appellant involved separate and distinct acts. There is nothing in the record to indicate that appellant knew Becker would resell the drugs to the informant. We hold that Becker was not an accomplice to appellant's crime and, as such, no corroboration is necessary to sustain the conviction.

## ISSUE FOUR

Appellant urges that the trial court erroneously submitted Instruction # 20 to the jury, which states:

As to Count III of the Information it is not necessary that the State prove that [appellant] knew the identity of the person to whom Donald Becker intended to transfer the cocaine.

Count III of the Information states in pertinent part (emphasis added):

[Appellant] did commit the public offense of distribution of a controlled substance, *cocaine*, to an adult, *Michael Thomas*, in that he did with the intent of facilitating the commission of a crime, aid Donald Becker in transferring cocaine to another, *Michael Thomas.*

The emphasized portions of Count III were added by the trial court at appellant's request during arraignment for the purpose of preparing an alibi defense. Jury Instruction # 26 states:

The essential elements of the offense of distribution of a controlled substance, namely, cocaine as charged in the Information, each of which the State must prove beyond a reasonable doubt, are:

1. That [appellant] at the time and place alleged in the Information had in his possession a quantity of the controlled drug or substance cocaine.

2. That [appellant] then and there aided Donald Becker with intent of facilitating the commission of a distribution of cocaine to Michael Thomas.

Instruction # 26 is taken in part from South Dakota Pattern Jury Instructions Vol. II, § 3–7–425c. This pattern jury instruction does not require that the State prove, as an essential element of the crime, who received the distributed drug. Also applicable is Jury Instruction # 9, which states:

All persons concerned in the commission of an offense, whether they directly commit the act constituting the offense or aid and abet in its commission, though not present, are considered as principals in the crime thus committed and are equally guilty thereof.

A person aids and abets the commission of a crime if he knowingly and with criminal intent aids, promotes, encourages or instigates by act or advice the commission of such crime.

So in this case if you should find beyond a reasonable doubt that the defendant aided and abetted the commission of such offense, he would be guilty thereof.

In *State v. Poss*, 298 N.W.2d 80, 84 (S.D.1980), we restated the legal maxim that "[j]ury instructions are to be considered as a whole, and if the instructions when so read correctly state the law and inform the jury, they are sufficient." When the instructions to the jury in this action are viewed as a whole, we find that they adequately present the law without prejudicing appellant.

## ISSUE FIVE

Appellant advocates that he was denied a fair trial due to the informant invoking his privilege against self-incrimination when asked in what other drug cases he had taken evidence and converted it to his own use. The question pertained to the informant's credibility and was not related to the substance of the charge against appellant. At the State's request, the trial court then granted the informant immunity and, consequently, he proceeded to answer the question. Appellant argues that, in the eyes of the jury, this precluded him from having a fair trial. We do not agree.

For a defendant to be inferentially prejudiced by a witness' use of the privilege against self-incrimination, it must be

shown that the witness is closely implicated in the defendant's alleged crimes. *State v. Allen*, 224 N.W.2d 237 (Iowa 1974). First, we do not believe that the facts herein indicate that the connection between appellant and the informant is sufficient to implicate appellant by the informant's use of the self-incrimination privilege. In point of fact, neither the State nor appellant claimed that the informant was an accomplice. And, secondly, the trial court specifically and timely admonished the jury to not presume any guilt on appellant's part because of the informant invoking his privilege against self-incrimination. *See State v. Allen*, supra; *State v. Whitfield*, 212 N.W.2d 402 (Iowa 1973). Under these facts, we cannot say that appellant was denied a fair trial.

We have reviewed the remaining issues raised by appellant and find them to be without merit.

The judgment of the trial court is affirmed.

All the Justices concur.