HENDERSON, Justice
(specially concurring).
On August 18, 1980, the trial court entered its order requiring the State to furnish defense counsel with “all stenographer notes, minutes, tape recordings, transcript, or other minutes of the grand jury proceedings .... ” As the majority opinion points out, SDCL 23A-5-6 clearly makes it mandatory that minutes of grand jury proceedings be preserved and filed of record.
The grand jury clerk failed to comply with the statute; the state’s attorney failed to comply with the trial court’s order. Before the trial court, the state’s attorney expressed that the grand jury minutes “are not such they could be intelligible to anyone else because they are strown [sic] all over the house ...” We have before us, then, a mockery of the state statute by the clerk of the grand jury with regard to the preservation of the minutes. Coupled with this conduct is the disobedience of the grand jury clerk who indicated that he did not want to bring the minutes to the trial court *865 because “he didn’t want to. No sanctions were taken against this clerk and I maintain that he should have been (1) publicly upbraided and cited for contempt by the trial court and (2) required to immediately produce and file the minutes, whatever condition they may have been in.
At issue is whether this error (and it is error) in the trial proceedings constitutes prejudicial error or harmless error. SDCL 23A-44-14 is the key statute to consider, and it provides:
Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.
Further, another applicable statute, SDCL 23A-13-17, must be invoked when weighing prejudicial or harmless error herein. A criminal procedure statute, SDCL 23A-13-17 provides:
If, at any time during the course of a proceeding, it is brought to the attention of a court that a party has failed to comply with an applicable discovery provision, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances. The court may specify the time, place and manner of making the discovery and inspection and may prescribe such terms and conditions as are just.
The remedy, it appears, for nondisclosure of discoverable material is left to the sound discretion of the trial court. In my opinion, under SDCL 23A-13-17, the trial court should have preserved and protected the sanctity of its previous order, particularly in light of the nonchalant, if not obstreperous, attitude of the grand jury clerk. Rather, with the start of the trial only minutes away, the trial judge asked the state’s attorney if he had any information from the grand jury proceedings which would be helpful to the defense. The state’s attorney then responded with a summary of the State’s case. It appears from the record that the state’s attorney, to the trial court’s satisfaction, divulged all happenings before the grand jury. Most importantly, however, during the course of the trial, the State introduced no undisclosed grand jury testimony.
Although I join the majority opinion, I wish to express my strong displeasure towards any action by a public official which precludes a fair trial. And I trumpet a warning to the prosecutors of this state: SDCL ch. 23A-13 was enacted in 1978 by our Legislature in the spirit of insuring equal and fair justice to all the criminally accused in the state of South Dakota through discovery procedures. The discovery statutes are there to eliminate trial by ambush. Discovery, to be meaningful, must ordinarily be as far in advance as is possible (within practical time constraints) to permit the accused an opportunity to investigate the evidence which is damning to his innocence, or to discover evidence that is helpful to his cause. The trial courts of this state must breathe a vibrant life into the criminal discovery statutes lest disclosures be so tardy that defense counsel is availed little time to prepare his case. I am not unaware that this Court does “not equate late disclosure with suppression, especially where ... the trial record indicates that defense counsel made use of the information at trial.” State v. Moves Camp, 286 N.W.2d 333, 339 (S.D.1979); State v. Fox, 313 N.W.2d 38 (S.D.1981). We have not deviated, however, from our holding in State v. Sahlie, 90 S.D. 682, 687, 245 N.W.2d 476, 478 (1976) (as mod. in State v. Reiman, 284 N.W.2d 860 (S.D.1979)), which requires that orders to produce be “expeditiously carried out and obeyed” (emphasis mine). It is further expressed in Sahlie 90 S.D. at 688, 245 N.W.2d at 479: “It is axiomatic to a fair trial that the state obey the court’s orders concerning the conduct of the trial.” I am concerned that the prosecutorial bar of this state might content itself with an interpretation that a belated disclosure will consistently pass constitutional muster in this Court. Each late disclosure must be examined, under the specific facts of every case, to determine if there is a due process violation. “Expeditious” does not mean *866 that a state’s attorney can dawdle, procrastinate, or delay.
Therefore, two questions arise concerning the grand jury minutes: (1) did the trial court commit prejudicial error in denying defendant’s motion of dismissal due to a failure to preserve and file the minutes, and (2) did the trial court abuse its discretion by not granting a motion to dismiss based upon the State’s failure to comply with the previously entered order to produce the grand jury minutes?
Answering the first query, I am persuaded that inasmuch as the State introduced no undisclosed grand jury testimony, defendant was not prejudiced to such extent that his case should have been dismissed. True, there was a defect or irregularity but it did not so substantially affect his rights whereby he was deprived of a fair trial. I would further add that the state’s attorney was in a difficult position; for, indeed, it was not he but the clerk of the grand jury who took such a cavalier attitude. I do not believe the grand jury clerk was part of the prosecutorial team and I am convinced the state’s attorney did not withhold evidence favorable to the accused. Under the well-established rule of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), suppression of evidence material to guilt or punishment by the prosecution violates due process. As Mr. Justice Douglas wrote for the Court:
We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.
The principle of Mooney v. Holohan [294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1934)] is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused. Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly. An inscription on the walls of the Department of Justice states the proposition candidly for the federal domain: “The United States wins its point whenever justice is done its citizens in the courts.” A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him or reduce the penalty helps shape a trial that bears heavily on the defendant. That casts the prosecutor in the role of an architect of a proceeding that does not comport with standards of justice, even though, as in the present case, his action is not “the result of guile,” to use the words of the Court of Appeals. [Brady v. State ], 226 Md., [422] at 427. [174 A.2d [167] at 169. 373 U.S. 87, 83 S.Ct. 1197, 10 L.Ed.2d 218.]
Id. at 87-88, 83 S.Ct. at 1196-1197, 10 L.Ed.2d at 218-219.
With regard to the second query, again the state’s attorney was locked into a situation created by the grand jury clerk. Further, defendant made no motion for a continuance and proceeded to trial. Pursuant to SDCL 23A-13-17, the trial court, realizing that the state’s attorney had not complied with its order, and understanding the facts behind the noncompliance, saw fit to enter an oral order from the bench (to which the state’s attorney fully complied). There was no abuse of discretion in entering such an oral order or in denying defendant’s motion to dismiss based upon a failure to comply with a previously entered written order of discovery.
Considering the overwhelming evidence, direct in nature and not circumstantial as defendant maintains, the elements of second-degree manslaughter were established. The evidence is so strong that the case compels an affirmance on this issue, as it similarly convinced the jury of a guilty verdict beyond a reasonable doubt. The trial court sentenced defendant to four years in the state penitentiary; I would affirm the conviction and sentence because, under the evidence and the state of the record, defendant received a fair trial.