STATE of South Dakota, Plaintiff and Appellee,

v.

Darlene LINGWALL, Defendant and Appellant.

No. 15267.

Supreme Court of South Dakota.

Considered on Briefs Oct. 24, 1986.

Decided Dec. 30, 1986.

**746**

Richard D. Coit, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Michael E. Ridgway of Brady, Kabeiseman, Reade & Johnson, Yankton, for defendant and appellant; John D. Knight, Legal Intern of Brady, Kabeiseman, Reade & Johnson, Yankton, on the brief.

PER CURIAM.

This is an appeal from a judgment of conviction for grand theft (SDCL 22–30A–17). We affirm.

1. FACTS

On May 31, 1985, defendant Darlene Lingwall called Charles Mahan and asked him to cash a check for her. Lingwall had known Mahan for over a year and he had loaned money to her in the past. The check in question was a cashier's check for $1,800 drawn on the First National Bank in Sioux Falls; it was made payable to the order of Charles Mahan, with Don Lewis Insurance Co. as the remitter.

Mahan expressed some reservations about his cashing of the check, so Lingwall pretended to call the Don Lewis Insurance Co. for verification. When Mahan requested to talk to someone at the insurance company, Lingwall hung up the phone. Mahan then asked why the check was made out to him and why Lingwall did not cash it herself. Lingwall replied that she did not have any form of identification and thus would be unable to cash it. Mahan then agreed to cash the check if he would receive $200 of the proceeds; Mahan testified that this $200 was a partial repayment of his prior loans to Lingwall.

Mahan cashed the check at a bank in Yankton, gave Lingwall $1,600, and kept $200 for himself. Two or three days later the bank contacted Mahan and told him that the check he cashed was a forgery and that if he did not pay the bank, they would press charges. Upon receiving this information, Mahan paid the bank $1,800 and reported the incident to the police. The fact that the check was forged was not in dispute at the trial.

2. ISSUES

Did the trial court err when it refused to hold that Charles Mahan was an accomplice as a matter of law?

At the close of the evidence, the trial court instructed the jury that conviction of a crime cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence tending to connect the defendant with the criminal offense. The trial court submitted to the jury the question of whether the state's chief witness, Charles Mahan, was an accomplice of Lingwall. On appeal, Lingwall argues that the trial court committed reversible error by failing to direct that Mahan was an accomplice as a matter of law. Lingwall contends that 1) the evidence clearly indicated that Mahan was an accomplice, and 2) there was insufficient evidence to corroborate Mahan's testimony as required by SDCL 23A–22–8.

## 3. DECISION: A JURY QUESTION

██ An accomplice is one who is liable to prosecution for the identical offense charged against the defendant on trial. To render one an accomplice, he must in some manner knowingly and with criminal intent participate, associate, or concur with another in the commission of a crime. *Grooms v. State,* 320 N.W.2d 149 (S.D.1982); *State v. Johnson,* 81 S.D. 600, 139 N.W.2d 232 (1965). Whether one is an accomplice may be a question of law for the court or one of fact for the jury depending upon the state of the evidence. *Id.* If the facts as to a witness' participation in a crime are disputed or susceptible of different inferences, the question is one of fact for the jury. *Johnson, supra;* 23 C.J.S. *Criminal Law* § 797 (and cases cited therein).

██ In this case, the facts concerning Mahan's role in cashing the check are certainly susceptible of differing inferences. Mahan reported the incident to the police immediately after learning the check was a forgery; he also testified that he had believed the check was authentic. To some extent, Mahan himself was "conned" or "duped" into cashing the check by Lingwall. Therefore, Mahan's complicity in the crime is questionable, and the trial court properly submitted the question to the jury.

### 4. CORROBORATION

██ In addition, we note that Lingwall's own testimony was sufficient to corroborate Mahan's testimony. Lingwall admitted on direct examination that she asked Mahan to cash the forged check and that she received $1,600 in proceeds from the check. She also testified that she staged the fake phone call and lied to Mahan to allay his concerns about the validity of the check. Consequently, her contention is without merit. SDCL 23A–22–8. *See State v. Erickson,* 315 N.W.2d 332 (S.D. 1982) (the accused himself can provide the necessary corroborating evidence.)

The judgment of the trial court is affirmed.

FOSHEIM, Retired Justice, participating.

MILLER, J., not having been a member of the court at the time this action was submitted to the court, did not participate.