**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Jason C. ORELUP, Defendant and Appellant.**

**No. 18385.**

Supreme Court of South Dakota.

Considered on Briefs April 27, 1994.

Decided Aug. 17, 1994.

Mark Barnett, Atty. Gen., Gary R. Campbell, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

John H. Mairose, Rapid City, for defendant and appellant.

MILLER, Chief Justice.

Jason Orelup (Orelup) appeals his conviction for abuse or cruel punishment of a child in violation of SDCL 26–10–1. We affirm.

## FACTS

This case comes to us after a retrial of Orelup following this Court's reversal of his previous conviction in *State v. Orelup*, 492 N.W.2d 101 (S.D.1992) (*Orelup I*).

Orelup was accused of kicking his four-year-old son, J.L., in the stomach because the child got up in the middle of the night to get a glass of water when he was supposed to be restricted to his room. On the afternoon of December 11, 1990, at the Lutheran Social Services Head Start School in Rapid City, South Dakota, J.L. complained of a stomach ache and was taken to the office of Julie Larson (Larson), the registered nurse. J.L. told Larson that he was "on restrictions" at home, which meant that he had not been allowed to leave his bedroom. J.L. told Larson that when he is restricted to his room by his father, "I have to piss and poop my pants." J.L. asked to use the bathroom adjoining the office. While in the bathroom, J.L. began screaming "There's blood in the toilet." Larson observed the toilet was filled with blood and a dark, black tarry stool.

J.L. was taken to a hospital emergency room by Marcia Cain (Cain), a social worker for the South Dakota Department of Servic-es. At the hospital, a police officer spoke with J.L. while Cain was present. During this conversation, J.L. reported that his stomach hurt and stated, "I punched myself in the stomach." The police officer then asked what had really happened, and J.L. responded, "My dad kicked me in the stomach."

In *Orelup I*, the trial court admitted hearsay testimony by Cain and Larson based on the excited utterance exception to the hearsay rule. However, the trial record in *Orelup I* did not reflect a finding by the trial court that the hearsay testimony related to a startling event and was made under the stress of excitement, two threshold requirements for admissibility of such statements. Based on the insufficiency of the record, this Court reversed and remanded, instructing the trial court to make specific findings as to these requirements prior to admitting testimony under the excited utterance exception.

Prior to the trial on remand, Orelup was given notice that the State was requesting the trial court to declare J.L. unavailable as a witness in order to qualify some of the child's statements to Larson, Cain and others as admissible under SDCL 19–16–35, the residual exception to hearsay. Among the statements considered were J.L's remarks that he had punched himself in the stomach and that his father had kicked him in the stomach, and his statement to Larson that he was required to urinate and defecate in his clothes. After a hearing, the trial court entered findings of fact and a conclusion of law that the State had met its burden of establishing J.L. was unavailable as a witness and, further, found the statements admissible on two grounds. First, the court ruled that the statements had sufficient indicia of reliability to be offered at trial because of the corroborating medical evidence of injury. Second, the court admitted the child's statement to Larson and the statements made in the presence of Cain under SDCL 19–16–6, the excited utterance exception to the hearsay rule.

Orelup appeals.

## STANDARD OF REVIEW

This Court will only disturb decisions of the trial court regarding the admis-

sion of evidence if there is a clear abuse of discretion. *State v. Devall*, 489 N.W.2d 371, 374 (S.D.1992); *State v. Olesen*, 443 N.W.2d 8, 9 (S.D.1989); *State v. Bawdon*, 386 N.W.2d 484, 486 (S.D.1986); *State v. Percy*, 80 S.D. 1, 117 N.W.2d 99, 100 (1962). "'An abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence.'" *Devall*, 489 N.W.2d at 374 (quoting *State v. Pfaff*, 456 N.W.2d 558, 561 (S.D.1990)). Under the abuse of discretion standard, we do not determine whether we would have made a like decision, only whether a judicial mind, considering the law and the facts, could have reached a similar decision.

## DECISION

### ORELUP'S CONSTITUTIONAL RIGHT TO CONFRONT A WITNESS WAS NOT DENIED BY ADMISSION OF HEARSAY STATEMENTS.

■ The trial court admitted the testimony of Cain under both SDCL 19–16–6,[1] the excited utterance exception to hearsay, and the residual provision of SDCL 19–16–35.[2] Orelup asserts that admission of Cain's testimony violated his constitutional right to confront a witness.[3] U.S. CONST. AMEND. VI; S.D. CONST. ART. VI, § 7.

The Confrontation Clause and the hearsay rules were designed to protect similar values; thus, the Court has held that "where proffered hearsay has sufficient guarantees of reliability to come within a firmly rooted exception to the hearsay rule, the Confrontation Clause is satisfied." *White v. Illinois*, 502 U.S. 346, ——, 112 S.Ct. 736, 743, 116 L.Ed.2d 848, 859 (1992).

■ The excited utterance (spontaneous declarations) exception is a firmly rooted hearsay exception. *White*, 502 U.S. at ——, 112 S.Ct. at 742, 116 L.Ed.2d at 858. To fit within the exception, a hearsay statement must: (1) relate to a startling event or condition, and (2) be made by the declarant while under the stress of excitement caused by the event or condition. *Orelup I*, 492 N.W.2d at 106; *State v. Floody*, 481 N.W.2d 242, 250 (S.D.1992); SDCL 19–16–6.

The trial court reasoned that J.L. was still under the stress of discovering blood in the toilet when, in Cain's presence, he first said that he'd punched himself and later stated that his father had kicked him. The court consequently concluded that these statements fell within the excited utterance exception to the hearsay rule.

■ Orelup argues that the statements were more likely "a result of seeing blood in the toilet than from being kicked several hours prior to that." This assertion does not aid his argument. Contrary to defendant's argument that J.L.'s hysteria on discovering blood was "only remotely connected" to the injury which caused the bleeding, the bleeding and J.L.'s hysteria were a *direct result* of the injury. The relevant inquiry is whether,

---

1. SDCL 19–16–6 provides:

 A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition, is not excluded by § 19–16–4, even though the declarant is available as a witness.

2. As we find admission under the excited utterance exception dispositive, we do not address admission under the residual exception. However, to be admissible hearsay under SDCL 19–16–35, the court must find a witness is unavailable and that his statements bear sufficient indicia of reliability. Under *Idaho v. Wright*, corroborating evidence may not be used to determine the reliability of a witness' statement. 497 U.S. 805, 820–23, 110 S.Ct. 3139, 3149–50, 111 L.Ed.2d 638, 655–57 (1990).

 We note that SDCL 19–16–38 (which was not applicable to this case as it was amended after J.L.'s injury) *lists* corroborative evidence as one of the factors the court examines in making the determination whether to admit the testimony. *We trust that the legislature will amend this statute to comply with constitutional restrictions.*

3. As a third issue, Orelup also asserts the trial court's failure to issue a subpoena for J.L. violated his due process right to compulsory process. Orelup's claim is actually a restatement of his Confrontation Clause claim in issue II; therefore, we have combined the two issues. Further, the United States Supreme Court has stated: "Indeed, the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses: it guarantees him 'compulsory process for *obtaining witnesses in his favor.*'" *United States v. Valenzuela–Bernal*, 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193, 1202 (1982) (citations omitted) (emphasis in the original).

under the circumstances, the child was still under the influence of the event. *State v. Logue,* 372 N.W.2d 151, 159 (S.D.1985).

■ Here, the trial court was considering the statements of a four-year-old child who was described by various witnesses as screaming, hysterical, and very sick. He was surrounded by strangers in the emergency room of a hospital. His statements were made within hours after he was injured. "This Court has relaxed, nay cut back, the rigid time and spontaneity requirements when statements are made by very young children." *Devall,* 489 N.W.2d at 378 (Henderson, J., concurring); *People ex rel. H.L.,* 386 N.W.2d 495 (S.D.1986) (hearsay statements admissible where child was still visibly upset from incident which occurred just a few hours earlier); *Bawdon,* 386 N.W.2d 484; *Logue,* 372 N.W.2d at 159. Under these circumstances, the trial court could reasonably conclude that when J.L. discovered blood some ten to twelve hours after the injury, he was still under stress caused by the event.

■ We have further stated: " 'Nor does the fact that some general questioning preceded the hearsay declarations destroy their character as excited utterances.' " *Logue,* 372 N.W.2d at 159 (quoting *In re O.E.P.,* 654 P.2d 312, 318 (Colo.1982)). Under these circumstances, the question posed by the police officer as to what had really happened did not destroy the character of J.L.'s statements as excited utterances.

■ Even were we to find the testimony should not have been admitted,[4] which we do not, Cain's testimony was duplicative of the testimony of Dr. Oliver and Nurse Larson in all but one respect; Cain was the only witness who testified as to J.L.'s earlier inconsistent statement that he'd punched himself. This prior inconsistent statement to Cain is the strongest piece of evidence the defense had in this case. Had the trial court ruled Cain's testimony inadmissible, it may have prevented Orelup from having a fair opportunity to defend himself against the accusa-

tions. *See United States v. Benveniste,* 564 F.2d 335, 340–41 (9th Cir.1977) (exclusion of exculpatory hearsay evidence deprived defendant of fundamental right to present witnesses in his own defense). The determination of what weight to give to J.L.'s prior statement was left where it properly belonged—with the jury. *State v. Larson,* 512 N.W.2d 732 (S.D.1994); *State v. Burtzlaff,* 493 N.W.2d 1, 4 (S.D.1992) (conflicts in evidence lie within the province of the jury).

■ Orelup also challenges the court's admission of J.L.'s statement to Larson that, when he was restricted to his room by his father, "I have to piss and poop my pants." Under SDCL 19–12–1 evidence must be relevant to be admissible. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." SDCL 19–12–1; *State v. Phillips,* 489 N.W.2d 613, 617 (S.D. 1992); *State v. Brings Plenty,* 459 N.W.2d 390, 398 (S.D.1990). A fact that tends to connect a defendant with the commission of a crime is relevant. *Id.* We fail to see how J.L.'s statement is relevant as to the question of whether his injury resulted from his father kicking him. Therefore, it was error to admit the statement.

■ While admission of the irrelevant testimony was error, it was harmless error. Prejudicial error is that error which, in all probability, must have produced some effect upon the jury's verdict and harmed substantial rights of the defendant. *Burtzlaff,* 493 N.W.2d at 6; *Phillips,* 489 N.W.2d at 617; *State v. Michalek,* 407 N.W.2d 815, 817 (S.D. 1987); SDCL 23A–44–14. The test is whether " '[a]bsent [the alleged error] ... is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?' " *Phillips,* 489 N.W.2d at 617 (quoting *United States v. Hasting,* 461 U.S. 499, 510–11, 103 S.Ct. 1974, 1981, 76 L.Ed.2d 96, 107 (1983)). We conclude beyond a reason-

---

**4.** " 'Where inadmissible evidence admitted at trial is cumulative only and other admissible evidence supports the result, the cumulative evidence, though inadmissible, is non-prejudicial.' " *State v. Burtzlaff,* 493 N.W.2d 1, 4 (S.D.1992) (quoting *State v. Brown,* 480 N.W.2d 761, 764 (S.D.1992)); *State v. Tribitt,* 327 N.W.2d 132, 135 (S.D.1982).

able doubt that the jury would have returned a guilty verdict even without the error of admitting the irrelevant statement.

 Orelup also asserts it was an abuse of discretion for the trial court to allow the State to reopen its case to admit evidence of venue for the purpose of proving jurisdiction. After considering this issue in light of statutory and settled case law, we find his claim to be totally lacking in merit. SDCL 23A–24–2[5] empowers a trial court, in furtherance of justice, to reopen a case and allow a party to present evidence which was omitted through oversight. *See also State v. Larkin*, 87 S.D. 61, 69, 202 N.W.2d 862, 867 (1972) ("The court in a criminal action may, in its discretion, reopen a case to receive further evidence."); *State v. Van Beek*, 87 S.D. 598, 604, 212 N.W.2d 659, 662–23 (1973) (holding it was not an abuse of discretion for trial court to allow State to reopen its case and introduce evidence during defendant's case).

 The trial court found that the state's failure to introduce evidence of venue was an oversight. Further, the evidence was introduced before the defense began presenting its case, timing which was obviously less disruptive than the situation in *Van Beek*. We find no abuse of discretion by the trial court in allowing the State to reopen its case and admit the evidence out of turn.

The trial court did not abuse its discretion in admitting the testimony of Marcia Cain under the excited utterance exception, SDCL 19–16–6. The error in admitting J.L.'s irrelevant statement to Nurse Larson was harmless error. We affirm.

WUEST, HENDERSON, SABERS and AMUNDSON, JJ., concur.

---

**5.** SDCL 23A–24–2 provides in relevant part:

After a jury has been impaneled and sworn, a trial must proceed in the following order:

\* \* \* \* \* \*

(4) The parties may then, respectively, offer rebutting evidence only, unless the court, for good reason, in furtherance of justice or to correct an evident oversight, permits them to offer evidence upon their original case[.]