**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Charles Henry BUSACK, Defendant and Appellant.**

**No. 18705.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1995.

Decided May 31, 1995.

Mark Barnett, Atty. Gen., Ann C. Meyer, Asst. Atty. Gen., Pierre, for appellee.

Thomas M. Keller, Sioux Falls, for appellant.

MILLER, Chief Justice.

Charles Henry Busack appeals his conviction on one count of possession of a controlled substance and one count of distribution of a controlled substance. We affirm.

### FACTS

In an indictment dated August 16, 1993, the grand jury of Brule County charged Busack with one count of distribution of a controlled substance (methamphetamine) and one count of possession of a controlled substance (methamphetamine). In a later indictment dated November 9, 1993, the same grand jury charged Busack with two additional counts, each alleging possession of a controlled substance (cocaine). State filed a motion for joinder of the indictments. Busack objected to joinder on the grounds that it would essentially allow otherwise inadmissible prior bad acts testimony. The trial court granted State's motion for joinder.

At trial, Darrell Ellis testified that he had illegally purchased methamphetamine with his own money and with money he had received from another man, John Price. Ellis claimed that Price gave him money to help pay for the purchase of methamphetamine. According to Ellis, on the evening of January 2, 1993, Ellis and Price met with Busack in Busack's van, which was parked outside of the D & N One–Stop in Chamberlain, South Dakota. Ellis testified that while in the van he and Busack combined a portion of Ellis' methamphetamine with methamphetamine Busack had in his possession. Ellis stated that Busack cut up the drug and divided it into lines, and that it was snorted by him, Busack and Price.

Price also testified about snorting the methamphetamine with Busack and Ellis on January 2, 1993, in Busack's van. He denied, however, contributing any money toward the purchase of the drug. He stated that the drug had already been laid into lines when he entered the van, and did not otherwise indicate who had supplied the drug.

Joe Hutmacher, a Lyman County Deputy Sheriff, testified that he noted an unusual amount of traffic in the early morning hours of January 3, 1993. (Lyman County is located immediately across the Missouri River from Chamberlain). Hutmacher stated that he observed Busack's brown van parked at the D & N One–Stop shortly after one o'clock that morning. He also stated that he saw Ellis and others driving around the vicinity of the D & N One–Stop about that same time. He observed Ellis stop and visit with Busack and others. He then saw Ellis drive his automobile to a truck stop, where Busack and others had parked their vehicles. Hutmacher was suspicious and informed two

state troopers, who were parked in the area, that Busack and the others should be watched. Hutmacher then observed Busack drive his van out of the truck stop parking lot, followed by several other vehicles. The vehicles proceeded east on Interstate 90, followed by the troopers.

State Trooper John Koenig testified that he observed the three or four vehicles leave the truck stop together that morning. According to the trooper, he stopped Ellis because his license plate light was out. During a search of Ellis' person, Koenig discovered what was later proven to be .05 grams of methamphetamine and .04 ounces of marijuana. A state chemist testified that an analysis of a sample of Ellis' urine, taken on January 3, 1993, revealed moderate levels of the drug methamphetamine.

Two witnesses testified as to earlier cocaine use with Busack. Steve Weber testified that he had sold drugs in the Chamberlain area. He stated he had offered Busack cocaine on one occasion in the summer of 1992. According to Weber, Busack immediately snorted this cocaine with Weber in Busack's vehicle in the parking lot of the D & N One–Stop. Also, Ronald Larsen testified that he and Busack snorted cocaine in Larsen's car in the parking lot of the D & N One–Stop on one occasion in November, 1991.

Busack denied taking drugs with Ellis or Price on January 2, 1993. He also denied using cocaine with Weber or Larsen. On cross-examination, Busack's attorney elicited information indicating that Ellis, Price, Weber, and Larsen were all convicted of or facing drug charges and hoped to receive fewer charges or lighter sentences by testifying in Busack's case.

The jury found Busack guilty of possession and distribution of methamphetamine, but not guilty on the two counts of possession of cocaine. Busack appeals.

## ISSUE I

WHETHER STATE'S WITNESSES AT TRIAL WERE ACCOMPLICES WHO REQUIRED CORROBORATING TESTIMONY, SO THAT THE TRIAL COURT ERRED IN REFUSING ACCOMPLICE INSTRUCTIONS OR IN DENYING DEFENDANT'S MOTION TO DISMISS?

Busack contends that Ellis and Price were accomplices to his alleged crimes. He argues that under SDCL 23A–22–8, as accomplices, evidence corroborating their testimony was required to establish a conviction, and that such corroboration was lacking. He also contends that the trial court erred in refusing to instruct the jury on the definition of accomplice and on the requirement for corroboration of accomplice testimony. In the alternative, Busack argues that the trial court should have dismissed the charges against him due to the absence of evidence corroborating accomplice testimony.

SDCL 23A–22–8 provides: "A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence which tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof."

■ Whether an individual is an accomplice may be a question of law for the court or a question of fact for the jury, depending on the state of the evidence. *State v. Lingwall*, 398 N.W.2d 745, 747 (S.D.1986). If the facts as to a witness' alleged participation in the crime are disputed or susceptible to different inferences, the question is one of fact for the jury; otherwise, it is a question of law. *See id.* at 747. Here, Ellis testified that he combined methamphetamine in his possession with methamphetamine from Busack, and that he, Busack and Price then snorted the drug. Likewise, Price testified to snorting methamphetamine with Busack and Ellis. For purposes of establishing that Ellis and Price were accomplices, Busack does not dispute their testimony or draw different inferences from it. Consequently, the question of whether Ellis and Price were accomplices to Busack was a question of law for the court.

■ As to the distribution charge, Price and Ellis clearly are not accomplices under settled South Dakota law. " 'An accomplice is one who is liable to prosecution *for the*

*identical offense charged against the defendant on trial.* To render one an accomplice he must in some manner knowingly and with criminal intent participate, associate or concur with another in the commission of a crime.'" *State v. Fox,* 313 N.W.2d 38, 40 (S.D.1981) (quoting *State v. Johnson,* 81 S.D. 600, 606, 139 N.W.2d 232, 236 (1965) (emphasis supplied)). Busack was charged with distributing methamphetamine to Price and Ellis. Neither of these witnesses could be charged with distributing to themselves, therefore they were not accomplices to these acts. *See State v. Rufener,* 401 N.W.2d 740, 743 (S.D.1987) (holding that witness was not an accomplice in distributing marijuana to himself). Indeed, under facts demonstrating more cooperative activity than is here presented, we have held that purchasers of illegal drugs are not accomplices to the crime of distributing drugs. *Id.; State v. Byrum,* 399 N.W.2d 334, 336 (S.D.1987); *Fox,* 313 N.W.2d at 40. Here, rather than purchasing the drug, Ellis and Price claimed to have received methamphetamine from Busack free of charge. There is no legal or policy basis for differentiating between donees and purchasers in this circumstance. Therefore, by accepting the proffered drug from Busack, Ellis and Price did not become accomplices in Busack's alleged crime of distribution of methamphetamine.

■ Similarly, Ellis and Price were not accomplices to Busack's crime of possession. The independent misconduct of Ellis and Price in sharing and ingesting methamphetamine with Busack does not amount to the kind of participation inherent in the term "accomplice." *See Gray v. State,* 585 P.2d 357, 359 (Okla.Crim.App.1978). The mere fact that these witnesses engaged in similar misconduct is not enough to render them accomplices. *Fox,* 313 N.W.2d at 40 (citing *Gray,* 585 P.2d at 359) ("A witness is not an

accomplice to a defendant simply because his distinct acts happen to constitute a like offense.").

In deciding a witness' accomplice status, cases from other jurisdictions have emphasized whether the alleged accomplice became involved *before or after* the defendant gained possession of the controlled substance and whether the alleged accomplice's possession can be considered *separate* and *distinct.* In *State v. Godsey,* 202 Mont. 100, 656 P.2d 811 (1982), a police officer arrested the defendant after the officer observed a baggie of what later turned out to be marijuana in the front seat of defendant's unoccupied automobile. The defendant denied ownership or control of the marijuana. The defendant was charged with possession of a dangerous drug and sale of a dangerous drug. At trial, testimony by a prosecution witness supported the inference that the marijuana belonged to the defendant. The witness testified that he had noticed the marijuana in the defendant's vehicle, defendant observed his interest, and defendant told him he could "roll a joint" if he so desired. The witness did so. On appeal, defendant argued that the witness was an accomplice and his testimony required corroboration. The Montana Supreme Court ruled that the witness was not an accomplice because there was no evidence showing that the witness was legally accountable for defendant's possession of marijuana. *Id.* at 815.

Although *Godsey* is rooted in its own state statute,[1] it suggests that the crime of possession is completed by an owner of drugs prior to his offer to share the drug with another. The individual who accepts the offer is not an accomplice to the possession, because the crime has already been completed. Here, Ellis testified that Busack was in possession of his own methamphetamine.[2] To the ex-

---

1. Mont.Code Ann. § 45–2–302 finds a person legally accountable for another's conduct when:
   (1) having a mental state described by the statute defining the offense, he *causes another* to perform the conduct, regardless of the legal capacity or mental state of the other person;
   (2) the statute defining the offense *makes him so accountable;* or
   (3) either before or during the commission of an offense *with the purpose* to promote or

facilitate such commission, *he* solicits, aids, abets, agrees, or attempts to aid such other person in the planning or commission of the offense.
*Godsey,* 656 P.2d at 815 (emphasis in original).

2. Price did not testify as to the ownership of the methamphetamine, indicating only that the drug had been laid out in Busack's van before he entered.

tent that Busack allegedly possessed his own stash of the drug, individuals who accepted the drug from him were not accomplices because Busack's crime of possession had already been committed. They did not aid or abet his possession because he had already completed the crime at the time he offered the drug to them. *See also People v. Lein,* 204 Cal. 84, 266 P. 536 (1928) and *Gray,* 585 P.2d 357.

When they ingested methamphetamine, Busack and witnesses Ellis and Price engaged in independent misconduct. Their own individual and voluntary acts of consumption do not render them accomplices to others who engaged in similar conduct. While Ellis and Price may be subject to possession and distribution charges as a result of sharing and ingesting methamphetamine with Busack, their susceptibility to criminal indictment arises out of their own misconduct, not out of any assistance to Busack in committing the same offense.

## ISSUE II

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING STATE'S MOTION FOR JOINDER OF INDICTMENTS?

■ Busack contends the trial court abused its discretion in granting State's motion for joinder of the August 1993 indictment (concerning methamphetamine possession and distribution) and the November 1993 indictment (involving two counts of cocaine possession). An abuse of discretion "arises only where the party requesting severance of joined counts can make 'a clear showing of prejudice to substantial rights.'" *State v. Shape,* 517 N.W.2d 650, 654 (S.D. 1994) (quoting *State v. Dixon,* 419 N.W.2d 699, 702 (S.D.1988)).

■ We conclude that the trial court did not abuse its discretion in allowing joinder of the offenses. SDCL 23A–6–23 provides in relevant part:

Two or more offenses may be charged in the same indictment or information in separate counts for each offense, if the offenses charged, whether felonies or misde-

meanors or both, are of *the same or similar character*.... (Emphasis supplied.)

The charges against Busack obviously satisfy this "same or similar character" requirement, as both indictments involved illegal possession of controlled substances. Furthermore, we do not find prejudicial joinder so as to justify severance of the offenses under SDCL 23A–11–2. Under both indictments, Busack allegedly ingested illegal drugs while sitting with others in vehicles parked at the D & N One–Stop. Where separately charged offenses are closely related in location and manner of execution, joinder may be appropriate. *See State v. Closs,* 366 N.W.2d 138, 140 (S.D.1985).

Additionally, the trial court appropriately instructed the jury to separately consider each offense and the evidence applicable thereto. Busack's attorney stressed the importance of this instruction in his closing argument. Based on the verdict acquitting Busack of cocaine charges and convicting him of methamphetamine charges, it is obvious that the jury successfully differentiated between the various counts and the evidence pertaining to these charges. Under these facts, joinder was not improper and no prejudice resulted.

## ISSUE III

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AT THE CLOSE OF STATE'S CASE AND INSTEAD ALLOWING STATE TO REOPEN ITS CASE FOR THE PURPOSE OF PROVIDING IDENTIFICATION EVIDENCE?

■ Busack also asserts that it was an abuse of discretion for the trial court to allow State to reopen its case to admit evidence of his identification. We reject this argument. SDCL 23A–24–2 provides in relevant part:

After a jury has been impaneled and sworn, a trial must proceed in the following order:

(1) If the indictment or information is for a felony, the clerk or prosecuting attorney must read it and state the

plea of the defendant to the jury. In all other cases this formality may be dispensed with;

(2) The prosecuting attorney or other counsel for the state must make an opening statement and offer the evidence in support of the indictment or information;

(3) The defendant or his counsel may then open his defense and offer his evidence in support thereof. However, the defendant or his counsel may make his opening statement immediately after the prosecuting attorney's opening statement;

(4) The parties may then, respectively, offer rebutting evidence only, *unless the court, for good reason, in furtherance of justice or to correct an evident oversight, permits them to offer evidence upon their original case....* (Emphasis supplied.)

This statute "empowers a trial court, in furtherance of justice, to reopen a case and allow a party to present evidence which was omitted through oversight." *State v. Orelup*, 520 N.W.2d 898, 903 (S.D.1994). The record before us suggests that State's failure to have witnesses point to Busack and explicitly identify him was a mere oversight. We find no abuse of discretion in allowing State to reopen its case and admit more definite identification evidence out of turn. *See Orelup*, 520 N.W.2d at 903 (allowing evidence of venue to be presented after State had rested but before defense began presenting its case); *State v. Van Beek*, 87 S.D. 598, 604, 212 N.W.2d 659, 662–23 (1973) (allowing State to offer evidence out of turn when, due to an oversight, the evidence was omitted from State's case in chief); *State v. Larkin*, 87 S.D. 61, 69, 202 N.W.2d 862, 867 (1972) (finding no abuse of discretion where trial court permitted State to reopen its case to admit stolen items into evidence).

Affirmed.

AMUNDSON and KONENKAMP, JJ., concur.

SABERS, J., concurs in part and dissents in part.

GILBERTSON, J., not having been a member of the court at the time this case was submitted, did not participate.

SABERS, Justice (concurring in part and dissenting in part).

The trial court erred in refusing to instruct that Ellis was an accomplice to the charge against Busack of *distribution* of methamphetamine. The evidence shows Busack and Ellis *cooperated* in distributing. At the very least, whether Ellis was an accomplice was a jury question and the trial court should have so instructed. *State v. Lingwall*, 398 N.W.2d 745, 747 (S.D.1986) (citations omitted).

SDCL 23A–22–8 provides:

A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence which tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

A fair reading of this statute makes it clear that the majority opinion fails to give effect to the letter or the spirit of the statute. Its interpretation of "accomplice" is so technical that no one would ever be an accomplice, because no two crimes are ever "identical" in the sense used by the majority opinion. As indicated above, Busack and Ellis were accomplices to each other. I urge the members of this court to reject such strict and technical interpretation because it destroys the obvious purpose of the statute. *Jenner v. Leapley*, 521 N.W.2d 422, 432 (S.D.1994) (Sabers, J. concurring in result); *State v. Bradley*, 431 N.W.2d 317, 325–26 (S.D.1988) (Sabers, J. concurring in part and dissenting in part); *Woods v. Solem*, 405 N.W.2d 59, 65 (S.D.1987) (Sabers, J. dissenting); *State v. Rufener*, 401 N.W.2d 740, 746–47 (S.D.1987) (Sabers, J. concurring in part and dissenting in part); *State v. Rufener*, 392 N.W.2d 424, 431–32 (S.D.1986) (Sabers, J. dissenting); *State v. Byrum*, 399 N.W.2d 334, 338–39 (S.D.1987) (Sabers and Henderson, JJ., dissenting).

It is not necessary to discuss Issue II because the defendant was acquitted on possession of cocaine. Accordingly, I concur in

Issue III only as it relates to the *conviction* for *possession*, not distribution, of methamphetamine and I dissent on Issue I.